954 F.2d 720
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Belinda Mae MELVIN, Defendant-Appellant.
 No. 90-5244.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 3, 1992.
Decided Feb. 11, 1992.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Rockingham. Hiram H. Ward, Senior District Judge. (CR-90-169-R).
 Susan Hayes, Greensboro, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Douglas Cannon, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER, HAMILTON and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Belinda Mae Melvin was convicted by a jury of attempting to possess one kilogram of cocaine with intent to distribute (21 U.S.C. § 846 (1988)). She appeals the sentence she received, contending that the district court erred in considering three additional kilograms of cocaine which were under negotiation. She maintains that in sentencing her the court incorrectly characterized her offense as a conspiracy, and that there was insufficient evidence that more than one kilogram was involved. We affirm.
 
 
 2
 Melvin brought $15,000 in cash to a meeting with a confidential informant which had been arranged by a co-defendant, Gloria Jones. Three telephone conversations between the informant and Jones were recorded, as well as the meeting among the informant, Melvin, and Jones in which Melvin produced the money for inspection by the informant. In the last phone conversation, recorded while Melvin and Jones were waiting with the money for the informant, Jones told the informant that they would buy one kilogram and, if everything was all right, would get them all, i.e., the other three kilograms he had offered for sale. With this information before it, the district court's factual determination that a purchase of four kilograms in all was being negotiated was not clearly erroneous. See United States v. Goff, 907 F.2d 1441 (4th Cir.1990) (drug amount a factual determination reviewed for clear error); United States Sentencing Commission, Guidelines Manual, § 2D1.4, comment. (n. 1) (Nov. 1990) (in an offense involving negotiation to traffic in a controlled substance, weight under negotiation in uncompleted distribution shall be considered); § 1B1.3(1) (all acts committed or aided and abetted by the defendant during commission of the offense are relevant conduct).
 
 
 3
 Section 2D1.4 of the sentencing guidelines applies to both attempts and conspiracies. Although the proof required to convict is different for an attempt and a conspiracy, for sentencing purposes both are treated as though the offense had been completed. The district court's reference to Melvin's offense as a conspiracy during sentencing has no significance.
 
 
 4
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.