958 F.2d 369
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Orlando LEGRAND, a/k/a Kenneth Orlando Scott,
Defendant-Appellant.
 No. 91-5120.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 2, 1992.
Decided March 13, 1992.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge. (CR-90-302-G)
 Susan Hayes, Greensboro, N.C., Michael B. Shankle, High Point, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before SPROUSE and WILKINSON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM.
 
 
 1
 Kenneth Orlando LeGrand was convicted by a jury of conspiracy to possess and distribute crack cocaine, and to employ minors to possess with intent to distribute crack cocaine (21 U.S.C. § 846 (1988)), and of the substantive offenses of possession of crack with intent to distribute (21 U.S.C.A. § 841 (West 1981 & Supp.1991), and employment of a minor to possess crack cocaine with intent to distribute (21 U.S.C. § 845b (1988)).* He appeals his sentence and we affirm.
 
 
 2
 Legrand first contends that the district court erred when it included as relevant conduct a kilogram of cocaine powder which LeGrand was alleged to have lost down the drain when a container broke in the sink while he was making it into crack. A co-conspirator testified that he was present when this happened, and another co-conspirator told the probation officer that he also witnessed the event. LeGrand argues that the district court should have disregarded this information because it was not credible. The quantity of drug involved in the offense is a sentencing factor which need only be proved by the preponderance of the evidence. United States v. Powell, 886 F.2d 81 (4th Cir.1989), cert. denied, 493 U.S. 1084 (1990), and the district court's factual finding as to the amount involved is reviewed for clear error. United States v. Goff, 907 F.2d 1441, 1444 (4th Cir.1990). Given the information before it, the district court's decision to consider the kilogram of cocaine powder was not clearly erroneous.
 
 
 3
 LeGrand also argues that the district court should not have increased his base offense level by two levels for the presence of a gun during the offense. See United States Sentencing Commission, Guidelines Manual, § 2D1.1(b)(1) (Nov. 1990). However, he concedes that a co-conspirator testified that, when he once visited LeGrand unexpectedly, LeGrand opened the door of his apartment with a gun in his hand. There was also testimony by another co-conspirator that three guns were kept at her house and that, one night when there was some sort of trouble on the street, LeGrand and others came and got the guns. We review the district court's determination here for clear error, United States v. Apple, 915 F.2d 899, 914 (4th Cir.1990), and find none.
 
 
 4
 Finally, LeGrand challenges the district court's finding that he was an organizer and leader in an offense involving five or more people, which resulted in an increase of four offense levels pursuant to U.S.S.G. § 3B1.1(a). Again, we review for clear error. United States v. Sheffer, 896 F.2d 842 (4th Cir.), cert. denied, 59 U.S.L.W. 3246 and 59 U.S.L.W. 3362 (U.S.1990). Trial testimony established that LeGrand initiated the scheme to bring drugs from New York to North Carolina for sale and recruited a number of others to transport and sell for him. Although LeGrand apparently shared leadership of the operation with co-conspirator Anthony Shannon, the leader/organizer adjustment was not clearly erroneous.
 
 
 5
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Now 21 U.S.C.A. § 861(a) (West Supp.1991)