960 F.2d 147
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Sean MCKARN, a/k/a Sean Smith, a/k/a Mac, Defendant-Appellant.
 No. 91-5838.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 6, 1992
Decided: April 16, 1992
 
 Darrell W. Ringer, RINGER, CAVENDER, HANSEN & STILLER, Morgantown, West Virginia, for Appellant. William A. Kolibash, United States Attorney, Sam G. Nazzaro, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 Before ERVIN, Chief Judge, and MURNAGHAN and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Sean McKarn pled guilty to distribution of crack cocaine within 1,000 feet of a school (21 U.S.C. § 841(a) (West 1988) and § 845a (1988), transferred to 21 U.S.C. § 860 (Supp. II)). He appeals his sentence on the ground that the district court erred in determining the quantity of drugs involved in his offense. We affirm.
 
 
 2
 McKarn's plea agreement stipulated that the government could "readily prove" that he distributed between one and two grams of crack. The agreement also stipulated that McKarn's base offense level should be eighteen, the level applicable to this amount under United States Sentencing Commission, Guidelines Manual, § 2D1.1(c) (Nov. 1990). However, in calculating McKarn's base offense level, the probation officer took into account information provided by a codefendant, Caesar Walls, who described prior sales of crack in which McKarn had participated.
 
 
 3
 At the sentencing hearing, over objections from both McKarn and the government, the district court determined that, in addition to the amount stipulated, 14.17 grams of crack should be included as relevant conduct in computing McKarn's base offense level. The court found that there was insufficient evidence of McKarn's participation in other activity described by Walls to support the inclusion of another 56.7 grams of crack which the probation officer had used in computing the base offense level recommended in the presentence report.
 
 
 4
 McKarn contends on appeal that the additional 14.17 grams of crack should not have been used to calculate his sentence because he did not stipulate to facts establishing a more serious offense than that in the plea agreement and because the Walls statement was insufficient proof of his involvement with Walls.
 
 
 5
 The quantity of drugs is a sentencing factor unders 841(b), not an element of the offense, and need only be proved by a preponderance of the evidence. United States v. Powell, 886 F.2d 81 (4th Cir. 1989), cert. denied, 58 U.S.L.W. 3527 (U.S. 1990). Where a sentencing factor is in dispute, the district court must make a factual finding, United States v. Goff, 907 F.2d 1441 (4th Cir. 1990), and in doing so may consider all the evidence before it. United States v. Wilson, 896 F.2d 856 (4th Cir. 1990). The district court is not bound by stipulations contained in a plea agreement, but may determine the facts relevant to sentencing with the aid of the presentence report. See U.S.S.G. § 6B1.4(d) and commentary. Its factual findings are reviewed under the clearly erroneous standard. Goff, 907 F.2d at 1444.
 
 
 6
 In this case, the Walls statement related how Walls had first sold crack in Wheeling, West Virginia, in February 1989, then had gone home to Ohio where he told McKarn and another friend, DeSean Sowell, how easily crack sold in Wheeling. Walls then bought $500 worth of crack (about 14.17 grams) and returned to Wheeling with McKarn, Sowell, and Jerry Joseph. According to Walls' statement, "This group stayed until Saturday selling all their crack here in Wheeling and then going home." Although defense counsel argued that the Walls statement was not sufficient evidence of McKarn's complicity in prior crack sales, no evidence was offered to refute it. McKarn did not testify at the sentencing hearing. We believe the evidentiary standard was met, and that the inclusion of the additional crack was not clearly erroneous.
 
 
 7
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED