981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
David SMITH, Defendant-Appellant.
 No. 92-5070.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 30, 1992
Decided: December 15, 1992
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Norwood Carlton Tilley, Jr., District Judge. (CR-91-130-2-WS)
 Lawrence Jay Fine, Winston-Salem, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 Affirmed.
 Before WILKINS and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 David Smith appeals his conviction of possession of crack cocaine with intent to distribute (21 U.S.C.A. § 841 (West 1981 & Supp. 1992), 18 U.S.C. § 2 (1988)), possession of marijuana with intent to distribute (21 U.S.C. § 841 (West 1981 & Supp. 1992), 18 U.S.C. § 2 (1988)), and use of a firearm in the commission of a drug trafficking crime (18 U.S.C.A. § 924(c) (West Supp. 1992)). We affirm.
 
 
 2
 Smith and a co-defendant were arrested after Smith made a sale of crack to an undercover officer from the back door of an unoccupied house. When the officers entered to execute a search warrant, they found that a two-by-four had been nailed to the floor behind the back door so that the door could be opened no more than about six inches. The house contained only two chairs and a mattress, an empty refrigerator, three loaded guns and various amounts of crack, cocaine powder, and marijuana, all packaged in small amounts. A styrofoam box containing fifteen plastic bags of cocaine and twenty-four foilwrapped pieces of crack cocaine was on the floor in the back-door foyer. Marijuana was on the window sill in the foyer. Under the window sill was a plastic shopping bag containing $1506 in cash. Seventy-five small plastic bags of marijuana were found in a groundfloor bedroom where co-defendant Windel Francis was arrested. Two hundred seventy-five additional bags of marijuana were found inside a roll of thin metal in the attic of the house.
 
 
 3
 In this appeal, Smith contests the district court's finding on the amount of crack recovered from the house. He argues that the chemist who analyzed the twenty-six packets of foil-wrapped crack failed to weigh all the crack, and therefore arrived at an inaccurately high estimate of the total amount of crack, which the probation officer and the district court erroneously used to arrive at a base offense level of twenty-six. United States Sentencing Commission, Guidelines Manual, § 2D1.1 (Nov. 1991).
 
 
 4
 The chemist who analyzed the drugs testified at Smith's sentencing hearing that the crack was submitted to him as three separate items. The first two were individual "rocks" of crack which he weighed separately.* The third item was the twenty-four packets together. In analyzing this item, he first weighed all twenty-four packets and obtained a gross weight. He then unwrapped about five of the packets and weighed the foil wrappings, which were of nearly uniform size. He obtained an average weight for the wrappings and multiplied it by twenty-four to obtain the weight of the packaging. He then subtracted this figure from the gross weight of the twenty-four packets to obtain the weight of the crack. The chemist testified that he remembered the first two rocks as being larger than the five he unwrapped from the twenty-four packet group. Defense counsel argued that, instead of the method used by the chemist, the average weight of the two rocks should have been multiplied by twenty-four; this would have produced a lower total weight of crack.
 
 
 5
 After hearing his testimony and questioning the chemist personally, the district court decided that the method he used was a reasonable one, and that the figure he had obtained was more reliable than his memory of the comparative sizes of the crack pieces over a year later. We review the district court's factual finding as to the amount of crack involved under the clearly erroneous standard of review. United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990). Although all parties might have been more satisfied if the crack itself had been weighed, we find no clear error here.
 
 
 6
 We grant Smith's motion to file a supplemental brief; however, the supplemental brief he submitted with his motion raises no meritorious issues. He alleges that as many as ten of the twenty-four packets of crack found at the back door contained fake "dummy" crack. No evidence supporting this sentencing claim was presented in the district court, and thus, Smith has waived appellate review of the issue. United States v. Davis, 954 F.2d 182 (4th Cir. 1992).
 
 
 7
 Smith also maintains that the evidence was insufficient to support his § 924(c) conviction because no connection was established between the drugs and the guns. The standard of review is whether, taking the view most favorable to the government, there was substantial evidence to support the jury's verdict. Glasser v. United States, 315 U.S. 60 (1942). We have previously held that evidence of constructive possession of firearms during a drug trafficking crime is sufficient to establish that the defendant used the firearm in connection with the offense, and constructive possession is shown if the firearm is present for protection and to facilitate the likelihood of success. United States v. Paz, 927 F.2d 176, 179 (4th Cir. 1991). We find that the presence of three loaded firearms in a house where the only identifiable activity is drug sales was substantial evidence that the guns were connected to the drug sales.
 
 
 8
 Finally, Smith challenges his conviction for possession of the whole quantity of marijuana found in the house, alleging that the government did not establish that he knew of, or had control over, the marijuana hidden in the attic. Constructive possession is sufficient for a conviction of possession with intent to distribute, and occurs if the defendant "exercises, or has the power to exercise, dominion and control over the item." United States v. Samad, 754 F.2d 1091, 1096 (4th Cir. 1984) (citations omitted). Although mere presence on the premises where drugs are found is not enough to show constructive possession, the jury may rely on circumstantial evidence. United States v. Staten, 581 F.2d 878, 883 (D.C. Cir. 1978). When the officers entered, Smith had just made a sale of crack from the back door of the house where he had handy several types of drugs ready for sale, including marijuana. More marijuana bagged for sale was stored in a nearby bedroom. It was a not unreasonable inference that Smith was aware of the additional quantities of marijuana stored in the attic. We therefore find that the jury's verdict on this count was supported by substantial evidence.
 
 
 9
 The judgment of the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 10
 *One of these was the piece of crack sold to the undercover officer just before police entered the house. The other was found in the pocket of a pair of pants hanging in the bedroom where co-defendant Francis was arrested.