981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Lamont Winslow RUMPH, a/k/a Monk, Defendant-Appellant.
 No. 92-5281.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 30, 1992
Decided: December 16, 1992
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. William L. Osteen, Sr., District Judge. (CR-91-246-WS)
 Gordon H. Brown, BLACKWELL, CANADY, THORNTON & BROWN, Winston-Salem, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 Affirmed.
 Before WILKINS and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Lamont Winslow Rumph was convicted by a jury of conspiracy to possess more than 500 grams of crack cocaine with intent to distribute in violation of 21 U.S.C.A. § 846 (West Supp. 1992). He appeals his conviction on the ground that the district court erred in denying his motions to acquit, and appeals his sentence on the ground that the district court erred in determining the amount of drug involved in the offense. We affirm.
 
 
 2
 The evidence at Rumph's trial included his voluntary statement to police made shortly after the arrest of Anthony Christian (Leroy), the ringleader of the conspiracy, in which Rumph admitted selling two to three packages of crack a week for Leroy during July and August of 1991. The testimony of Leroy's girlfriend, Tonya McMoore, corroborated Rumph's statement. She said she delivered crack to Rumph and picked up money from him several times, and that he also came to Leroy's apartment to deliver money and get more drugs. Christopher Coleman, a friend of Rumph's who sold crack for Leroy during the same period, testified that he and Rumph had obtained two packages of crack apiece from Leroy on two occasions. The test for deciding a motion for acquittal is whether there is substantial evidence which, taken in the light most favorable to the government, would allow the jury to find the defendant guilty beyond a reasonable doubt. United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir. 1982). The evidence presented in this case was sufficient to sustain the jury's verdict.
 
 
 3
 We review the district court's determination of the amount of drugs involved under the clearly erroneous standard. United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990). The district court thoroughly explored the computation of Rumph's offense level. It considered evidence presented at trial and at the sentencing hearing, which established that the packages Rumph received from Leroy each contained approximately forty pieces of crack. The court accepted the testimony most advantageous to Rumph in determining that he received only four bags of cocaine for sale, and used the lower of two estimates of the average weight per bag (16.75 grams). Employing these figures, which we cannot fault, the court found that at least sixty-seven grams of crack was attributable to Rumph. An offense level of thirty-two was thus correct. United States Sentencing Commission, Guidelines Manual, § 2D1.1 (Nov. 1991).
 
 
 4
 We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED