989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Wayne METHOD, Defendant-Appellant.
 No. 92-5753.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 1, 1993
Decided: March 23, 1993
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert R. Merhige, Jr., Senior District Judge, sitting by designation. (CR-90-43)
 William H. Martin, Charles Town, West Virginia, for Appellant. William A. Kolibash, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before WIDENER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Wayne Method entered a guilty plea to one count of distributing 0.27 grams of crack cocaine in violation of 21 U.S.C.A. § 841 (West Supp. 1992) and 18 U.S.C. § 2 (1988). He appeals the sentence he received. We affirm.
 
 
 2
 Method's plea agreement contained a stipulation that the total amount of crack involved in the offense was 3.81 grams. The government attorney mailed it to Method's lawyer with a short cover letter which pointed out that the 3.81 grams included both the 0.27 grams Method sold to an informant and an additional one-eighth of an ounce of crack which he and the informant also discussed. At the guilty plea hearing, the government's factual basis for the plea related how Method sold 0.27 grams to the informant and then discussed a future sale of one-eighth of an ounce (3.54 grams), which never took place. Method had no objection to the factual basis and declined to present any evidence.
 
 
 3
 However, after the presentence report was prepared, defense counsel objected to the recommended base offense level, arguing that only 0.27 grams should be used to compute Method's sentence because he had failed to point out to Method that the amount in the plea agreement was greater than the amount in Count Two of the indictment. At the hearing, defense counsel related to the court Method's assertion that he had not discussed any future deals with the informant. Method did not testify or move to withdraw his guilty plea.
 
 
 4
 Because Method had accepted the plea agreement and entered an apparently voluntary guilty plea with notice of the total amount alleged by the government and without objection, the district court refused to disregard the additional 3.54 grams. We review the district court's determination of the amount of drug involved under the clearly erroneous standard. United States v. Goff, 907 F.2d 1441 (4th Cir. 1990).
 
 
 5
 The government may meet its burden of showing the amount of drugs in several ways; among others, it may be done through the defendant's acknowledgment during the Rule 11 colloquy that the amount alleged by the government is correct, or through a stipulation of the parties which the court finds to have a reasonable factual basis. United States v. Gilliam, No. 90-5548, slip op. at 6-7 (4th Cir. 1993). In both ways, the government met its burden in this case. We find that the district court did not clearly err in considering the whole amount of crack stipulated in the plea agreement.*
 
 
 6
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Method represents on appeal that the tape recording of his sale to the informant contains no discussion of a future deal. He did not present evidence on this factual question in the district court and it is not properly raised on appeal. United States v. Davis, 954 F.2d 182 (4th Cir. 1992)