25 F.3d 1042
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Calvin Eugene SMITH, Defendant-Appellant.
 No. 93-5351.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 24, 1994.
Decided: June 14, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, Chief District Judge. (CR-92-102-R)
 Deborah S. Caldwell-Bono, Sam Garrison, Roanoke, Virginia, for Appellant.
 Robert P. Crouch, Jr., United States Attorney, Thomas J. Bondurant, Jr., Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Calvin Eugene Smith was convicted by a jury of conspiracy to possess with intent to distribute and to distribute cocaine and marijuana, 21 U.S.C.A. Sec. 846 (West Supp.1994), one count of possession of cocaine with intent to distribute* and one count of distribution of cocaine, both in violation of 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994), and one count of distribution of marijuana, 21 U.S.C.A. Sec. 841. The district court sentenced him to 360 months imprisonment, finding that Smith was a leader in the offense and was responsible for the distribution of more than 150 kilograms of cocaine. United States Sentencing Commission, Guidelines Manual, Secs. 3B1.1, 2D1.1 (Nov.1991). Smith appeals his sentence on the grounds that the district court clearly erred in determining the drug amount attributable to him and in finding him a leader. We affirm.
 
 
 2
 Numerous participants in the conspiracy testified against Smith; chief among them were Joseph Pruitt and Rose Mary Law. Pruitt considered himself a partner of Smith's. He worked with Smith from the beginning of the conspiracy in 1985, when Smith's brother Ricky moved to Miami and made contact with a source for cocaine. Calvin Smith provided the money to buy the first kilogram of cocaine, and thereafter employed a number of people to purchase cocaine and marijuana in Florida and transport it to his property in Virginia. Pruitt testified that Smith always provided the money for drug purchases, and the drugs were always delivered to Smith in Virginia. Pruitt's job was to distribute the drugs to lower-level distributors. Law was Smith's girlfriend for several years, and transported money and drugs regularly for Smith. Her testimony and that of the other government witnesses corroborated Pruitt's.
 
 
 3
 Both the district court's determination of Smith's role in the offense and of the amount of cocaine attributable to him are factual findings reviewed under the clearly erroneous standard. United States v. Smith, 914 F.2d 565, 569 (4th Cir.1990), cert. denied, 498 U.S. 1101 (1991); United States v. Goff, 907 F.2d 1441, 1444 (4th Cir.1990). Although Smith objected to the probation officer's recommendations for a base offense level of thirty-eight (150-500 kilograms of cocaine), and a four-level leader/organizer adjustment, he provided no evidence to contradict the information in the presentence report. Defense counsel argued that the amount of cocaine calculated by the probation officer was not reasonably foreseeable to Smith, and that Smith's house was simply used as a storage place by others, while conceding that he provided the money for the purchases.
 
 
 4
 Because the trial evidence fully supported both a finding that Smith was responsible for the distribution of more than 150 kilograms of cocaine and that he was a leader in the conspiracy, the district court did not clearly err in either of these factual findings.
 
 
 5
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Count Two of the indictment charged Smith with possession of cocaine with intent to distribute. The judgment and commitment order, apparently in error, reflects a conviction for distribution of cocaine on Count Two