For the above reasons, the holding of the district court is

AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Cheryl GOFF, Defendant–Appellee.**

No. 89–5656.

United States Court of Appeals,
Fourth Circuit.

Submitted Jan. 23, 1990.

Decided July 6, 1990.

(A) each entity that has an interest in such cash collateral consents; or

(B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

11 U.S.C. § 363(c)(2).

**16.** This section provides that:

Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

11 U.S.C. § 363(e).

**17.** A case cited by the Committee, *In re Cross Baking Co.*, 818 F.2d 1027 (1st Cir.1987), actually supports our holding, because the court there proceeded on the assumption that the secured party's security interest in receivables extends to post-petition receivables if the latter are traceable from the former, regardless of whether the use of cash collateral is conditioned by court order. *See Survey: Uniform Commercial Code—Secured Transactions*, 43 Bus.Law. 1425, 1453 (1988) ("[W]hile an after-acquired property clause is often unassailable outside bankruptcy, section 552 of the Bankruptcy Code will, as a practical matter, terminate its effectiveness *unless the secured creditor can trace the collateral or obtains an appropriate cash collateral order from the court.*") (emphasis added).

Michael W. Carey, U.S. Atty., Amy M. Lecocq, Asst. U.S. Atty., Charleston, W.Va., for plaintiff-appellant.

Larry D. Taylor, Charleston, W.Va., for defendant-appellee.

Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and WARD, Senior District Judge for the Middle District of North Carolina, sitting by designation.

WILKINS, Circuit Judge:

The United States appeals the sentence imposed on Cheryl Goff, contending that the district court erred in determining her base offense level by improperly calculating the quantity of drugs for which she was accountable. The government also contends that the decision of the district court to depart downward from the applicable sentencing guidelines range was based on impermissible factors. We vacate the sentence imposed and remand with instructions to impose a sentence consistent with this opinion.

I.

Goff was convicted by a jury of conspiracy to distribute cocaine. 21 U.S.C.A. § 846 (West Supp.1990). At trial witnesses testified that Goff made several trips from Charleston, West Virginia, to Philadelphia, Pennsylvania, with her boyfriend Freddie Harris, reputed to be a major drug dealer, and his associates. Once in Philadelphia they purchased cocaine in "ten dollar" bags. Upon returning to Charleston, they diluted, repackaged, and sold the cocaine. They employed a diluting process whereby each "ten dollar" bag was repackaged into four "quarter" bags which were subsequently sold for $25 each. Thus, for example, cocaine purchased for $2,000 in Philadelphia would sell, after repackaging, for $20,000.

Because the offense was committed after November 1, 1987, Goff's sentence was governed by the Sentencing Reform Act of 1984, 18 U.S.C.A. §§ 3551, *et seq.* (West 1985 & Supp.1990), and the sentencing guidelines promulgated by the United States Sentencing Commission.

II.

The presentence report recommended that Goff be held accountable for 249 grams of cocaine for sentencing purposes. This amount was calculated by determining the Charleston street value of the amount of cocaine purchased in Philadelphia (dollar amount) and dividing by $297, the price per gram charged by the conspirators as determined from 14 undercover buys. *See* United States Sentencing Commission, *Guidelines Manual*, § 2D1.4, comment. (n. 2) (Oct.1988)[1] (authorizing this method of computation for offenses involving drugs "[w]here there is no drug seizure or the amount seized does not reflect the scale of the offense"); *see also* U.S.S.G. § 2D1.1, comment. (n. 11); *United States v. Gerante*, 891 F.2d 364, 369 (1st Cir.1989).

The presentence report correctly reflected that 249 grams of cocaine resulted in a base offense level of 20. U.S.S.G. § 2D1.1(a)(3). It also recommended that Goff's offense level be increased by 2 for willfully obstructing the prosecution of her offense, U.S.S.G. § 3C1.1, because she gave perjured testimony at trial. Offense level 22, combined with Goff's criminal history category of III, results in a sentencing guidelines range of 51–63 months.

1. All references are to the October 15, 1988, version.

The government did not object to the sentencing recommendation in the presentence report. Goff, however, took issue with the quantity of 249 grams. The district court noted that its trial notes supported the dollar amounts used in the calculation. It stated that "an adequate case is made by the government and the probation officer for the 249 gram quantity." However, the court went on to state:

> The court is going to give the defendant the benefit of the doubt with respect to the totality of that quantity, *and without finding a specific level,* is going to reduce it into the area of 100 to 199 grams of cocaine, which gives a base offense level of 18 instead of 20.

(Emphasis added.)

The court then increased the offense level of 18 by 2 for willfully obstructing the prosecution of the offense, resulting in an adjusted offense level of 20. Additionally, the district court reduced Goff's criminal history category, finding that her three shoplifting convictions were local ordinance violations and should not have been included in her criminal history calculation.[2] By not including these violations Goff's criminal history category was determined to be I.

Offense level 20, combined with criminal history category I, results in a sentencing guidelines range of 33–41 months. The government moved for an upward departure pursuant to section 4A1.3 contending that Goff's criminal history category significantly underrepresented the seriousness of her criminal history. Although indicating that this argument had some merit, the district court instead departed downward, stating:

> [T]he court does take note of the fact that there was no indication that you profited from this venture except to receive cocaine. . . .
>
> When I take into account the matter of your addiction, the future of your children, and the fact that you don't need such a lengthy sentence as that which would be required in order to, it is hoped, have you find the way to a drug-free life

and one that will permit you to care for your children before they are up and completely gone, I have concluded to take all those matters into account and depart downward to a two-year sentence in your case.

The court added that another reason for the departure was that Hubie Tyler, one of Goff's co-conspirators with a more serious criminal history, was sentenced to 24 months in prison. Finally, at the end of the sentencing hearing the court stated:

> [W]ith respect to sentencing and the downward departure of 24 months, . . . all of the elements that the court relies upon combine in totality as being matters which had not been adequately taken into account by the Sentencing Commission in arriving at the guideline range in the case, and it is for that reason that the court has departed downward.

### III.

◼ We first address whether the district court erred in determining Goff's base offense level by reducing the amount of cocaine for which it initially indicated she was accountable. Our review is governed by two principles. First, the government must prove the quantity of drugs involved by a preponderance of the evidence. *United States v. Powell,* 886 F.2d 81, 85 (4th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1144, 107 L.Ed.2d 1049 (1990). Second, since calculation of the quantity of drugs is a factual determination, the finding of the district court will be upheld unless clearly erroneous. *United States v. Daughtrey,* 874 F.2d 213, 217 (4th Cir. 1989).

◼ Here the district court first stated that the government had made "an adequate case . . . for the 249 gram quantity." Yet, instead of applying the appropriate base offense level of 20 because of the 249 gram quantity, the district court inexplicably, but perhaps for good reason not included in the record before us, held Goff accountable for only 100 to 199 grams, thereby reducing her base offense level to 18.

---

**2.** The government does not appeal this decision.

The contradictory stance of the district court compels us to remand for a determination after specific fact-finding of the correct quantity for which Goff should be held accountable at sentencing. We offer no opinion as to the result but suggest that a reduction or increase without supporting fact-finding is inappropriate.

## IV.

The district court departed downward and imposed a sentence of 24 months based on (1) Goff's cocaine addiction, (2) her responsibilities for the care of her children, (3) the fact that she received no money from the conspiracy but was paid in kind with cocaine, and (4) the fact that a co-conspirator, Hubie Tyler, who had a more extensive criminal history than Goff, was sentenced to 24 months. In addition, the district court stated that all four of these factors "combine in totality" to justify a departure.

Pursuant to 18 U.S.C.A. § 3553(b) (West Supp.1990), a court is required to impose a sentence within the sentencing guidelines range "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." The departure standard set forth in section 3553(b) envisions a two-prong test. *United States v. Summers*, 893 F.2d 63, 66 (4th Cir.1990). The first prong of the test initially requires a determination that a particular aggravating or mitigating circumstance of a kind, or to a degree, was "not adequately taken into consideration by the Sentencing Commission." If the court determines that a circumstance was "not adequately taken into consideration," it must next engage in a fact-finding mission to determine if the circumstance is supported by the facts in the particular case under consideration. Then, if the district court identifies one or more aggravating or mitigating circumstances "not adequately taken into consideration," it may depart from the sentencing guidelines range only if it

further determines that a sentence different from the guidelines sentence "should result." This second prong of the departure test requires the district court to determine whether the circumstance now identified and found to exist in the particular case is of sufficient importance and magnitude to justify a departure. *Id.*

In addition to this two-prong test, 18 U.S.C.A. §§ 3742(e)(3) and (f)(2) (West Supp.1990) require an appellate court to determine whether a departure is reasonable. *See United States v. Summers*, 893 F.2d at 66–67 (outlining standards of appellate review of reasonableness of a departure); *see also United States v. Diaz–Villafane*, 874 F.2d 43, 49 (1st Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989); *United States v. Williams*, 891 F.2d 962, 962–64 (1st Cir. 1989). In *Summers* we held that a standard akin to that used in addressing questions of law should be used when reviewing the initial determination that a mitigating or aggravating circumstance was not "adequately taken into consideration." *Summers*, 893 F.2d at 66.

## A.

Drug addiction is a circumstance that was "adequately taken into consideration" by the Sentencing Commission. Section 5H1.4 specifically states that "[d]rug dependence or alcohol abuse is not a reason for imposing a sentence below the guidelines. Substance abuse is highly correlated to an increased propensity to commit crime." U.S.S.G. § 5H1.4, p.s. Consequently, the district court was clearly in error in justifying a departure, in whole or in part, on Goff's alleged drug addiction. *See Williams*, 891 F.2d at 965 (vacating sentence which included downward departure based in part on defendant's cocaine addiction); *United States v. Lopez*, 875 F.2d 1124, 1127 (5th Cir.1989) (remanding for determination whether defendant's addiction was so "extraordinary" as to justify upward departure in light of section 5H1.4).

## B.

■ Goff has three children aged seven, six, and two [3] and claims that while she is in prison it will be necessary for them to live with her mother, who is ill and resides in Ohio. On this basis, the district court also departed for "the future of [Goff's] children."

Title 28 U.S.C.A. § 994(e) (West Supp. 1989) states:

The Commission shall assure that the guidelines and policy statements, in recommending a term of imprisonment or length of a term of imprisonment, reflect the general inappropriateness of considering the education, vocational skills, employment record, *family ties and responsibilities,* and community ties of the defendant.

(Emphasis added.) Pursuant to this statutory mandate, the Sentencing Commission considered the circumstance of a defendant's family responsibilities and stated in section 5H1.6 that "[f]amily ties and responsibilities ... are not ordinarily relevant in determining whether a sentence should be outside the guidelines." U.S.S.G. § 5H1.6, p.s. Here Goff "has shown nothing more than that which innumerable defendants could no doubt establish: namely, that the imposition of prison sentences normally disrupts ... parental relationships." *United States v. Daly,* 883 F.2d 313, 319 (4th Cir.1989); *accord United States v. Sailes,* 872 F.2d 735, 739 (6th Cir.1989); *United States v. Sutherland,* 890 F.2d 1042, 1043 (8th Cir.1989). There is nothing extraordinary about Goff's family responsibilities and a decision to depart on that basis was improper.

## C.

■ The district court also based its departure on a finding that Goff never "prof-ited from this venture except to receive cocaine." As the district court implicitly recognized, obviously Goff's receipt of in kind rewards of cocaine constituted a substantial profit. And, while it may be true that Goff did not profit in the sense of receiving cash, that fact cannot provide a ground for a departure. The guidelines for drug distribution draw no distinction regarding the manner by which a defendant is compensated for illegal conduct (*i.e.,* whether in money, drugs, or other items of value, or some combination thereof). Moreover, it is well known in the drug trade that some of those involved prefer to take their "cut" in kind, particularly if they are supporting a habit of their own. *See* U.S.S.G. § 5H1.4, p.s. ("Drug dependence ... is not a reason for imposing a sentence below the guidelines."). Thus, it is unlikely that the Sentencing Commission did not adequately take this circumstance into consideration in promulgating the guidelines. In any event, a departure on this basis is unwarranted because it fails the second prong of the *Summers* test. The fact that a defendant is paid in kind rather than cash for criminal conduct does not mean that a "sentence different from the guidelines sentence 'should result,'" *Summers,* 893 F.2d at 66, for that circumstance is irrelevant for sentencing purposes. *See* 18 U.S.C.A. § 3553(b). Therefore, the district court abused its discretion by departing on this ground. *Summers,* 893 F.2d at 67.

## D.

■ The final specific reason given by the district court for departing below Goff's sentencing guidelines range was that a co-conspirator, Hubie Tyler, received a sentence of 24 months.[4] We note initially

---

**3.** Testimony at trial showed that at least on one occasion Goff took one of her children with her on a cocaine-buying trip to Philadelphia.

**4.** The district court informed the parties that this was a basis for departure *after* sentencing Goff. The government contends that the failure of the district court to give the government notice of and an opportunity to comment on this departure basis before imposing sentence violates Federal Rule of Criminal Procedure

32(a)(1). *See, e.g., United States v. Otero,* 868 F.2d 1412, 1415 (5th Cir.1989). *But see United States v. Burns,* 893 F.2d 1343, 1348 (D.C.Cir. 1990). Because we hold that the district court erred by departing from the appropriate sentencing guidelines range, we need not address this issue.

that, for sentencing purposes, Tyler differed significantly from Goff. The government asserts, and Goff does not dispute, that Tyler was accountable for a smaller amount of cocaine than Goff, had accepted responsibility for his criminal conduct (U.S.S.G. § 3E1.1), and was sentenced pursuant to a departure based on his substantial assistance to authorities (U.S.S.G. § 5K1.1, p.s.). Thus, there were significant dissimilarities between Goff and Tyler that explain the difference in sentences. We note that several circuits have held that a defendant may not challenge a sentence on the ground that a co-conspirator was sentenced differently. *See United States v. Guerrero*, 894 F.2d 261, 267–68 (7th Cir.1990) (rejecting co-conspirator sentencing disparity claim of defendant whose sentence was within the applicable guidelines range and was not imposed in violation of law or as a result of an incorrect application of the guidelines); *United States v. Pierce*, 893 F.2d 669, 678 (5th Cir.1990) (defendant sentenced within guidelines range as a result of correct application of guidelines cannot base challenge to his sentence solely on lesser sentence given to co-defendant); *United States v. Rios*, 893 F.2d 479, 481 (2d Cir.1990) (guideline level of a co-defendant in different circumstances is irrelevant in determining defendant's level); *cf. United States v. McKenley*, 895 F.2d 184, 188 (4th Cir.1990) (error for district court to depart upward for purpose of imposing the same sentence on both defendant and his co-defendant) (dicta). *But see Daly*, 883 F.2d at 319 (approving departure based on sentence imposed on co-conspirators who were sentenced under the pre-guidelines system which allowed for parole after service of only a portion of the sentence imposed).

### E.

It appears that the district court also departed because it believed that all the specific bases mentioned above "combine in totality as being matters which had not been adequately taken into account by the Sentencing Commission." Here, however, two of the cited factors did not meet the first prong of the section 3553(b) departure test because they were adequately taken into consideration when the guidelines were promulgated. The remaining factors clearly did not warrant a sentence outside the applicable guidelines range thereby failing the second prong of the departure test. Viewing the factors cumulatively adds nothing significant to the calculus. *United States v. Rosen*, 896 F.2d 789, 792 (3d Cir.1990) ("[A] combination of typical factors does not present an unusual case."). Therefore, the decision of the district court to depart was unreasonable.

### V.

In conclusion, we remand for a determination supported by factual findings of the quantity of cocaine for which Goff should be held accountable at sentencing and with instructions to impose a sentence within the appropriate sentencing guidelines range consistent with this opinion.

VACATED AND REMANDED WITH INSTRUCTIONS.