941 F.2d 1208
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marc Byron NEWSOME, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
William James NEWSOME, Defendant-Appellant.
 Nos. 91-5258, 91-5259.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 25, 1991.
Decided Aug. 16, 1991.
 
 Appeals from the United States District Court for the Western District of North Carolina, at Asheville. Richard L. Voorhees, Chief District Judge. (CR-90-170-A)
 C. David Gantt, Stanley D. Young, Young, Douglas & Ochsenreiter, Asheville, N.C., for appellants.
 William James Newsome. Thomas J. Ashcraft, United States Attorney, Max O. Cogburn, Jr., Assistant United States Attorney, Asheville, N.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, K.K. HALL and SPROUSE, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Marc Byron Newsome and William James Newsome pled guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. They were sentenced to 60 months imprisonment, followed by supervised release of four years. Finding the arguments on appeal to be meritless, we affirm the convictions.
 
 
 2
 Appellants contest the use of hearsay evidence on which the district court relied in determining that the Newsomes' offenses involved more than five grams of cocaine. At sentencing, an FBI agent testified that undercover law enforcement officers made several purchases from the Newsomes, and that the total amount of cocaine purchased in these controlled situations was 2.43 grams. Additionally, the agent testified that other individuals, not law enforcement officers, had said that they had purchased significant amounts of cocaine from the Newsomes. The agent estimated that the total weight of cocaine purchased by law enforcement officers and other individuals exceeded 19 grams.
 
 
 3
 The district court's finding that a preponderance of the evidence showed that more than five grams of cocaine was involved will not be disturbed unless clearly erroneous. See United States v. Goff, 907 F.2d 1441, 1444 (4th Cir.1990). In this case, there is no reason to disturb the district court's findings. The reported purchases by the cooperating individuals were similar to those effected by undercover agents. Thus, there were sufficient indicia of reliability, see U.S.S.G. § 6A1.3(a), for the district court to rely on the statements in concluding that more than five grams of cocaine was involved. See United States v. Prescott, 920 F.2d 139, 145 (2d Cir.1990).
 
 
 4
 We also reject appellants' argument on appeal that it was a violation of due process for federal authorities to charge them when the task force that investigated the offenses included only state and local law enforcement officers and had no directives concerning the circumstances under which federal charges would be lodged. Violations of federal law were brought to the attention of federal prosecutors, who elected to prosecute the appellants. There was no error in this.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs and oral argument would not significantly aid the decisional process.
 
 
 6
 AFFIRMED.