956 F.2d 1163
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Peter GEORGE, Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric Lewis BRANDON, a/k/a Eric Lewis, Defendant-Appellant.
 Nos. 91-5129, 91-5131.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 20, 1992.
Decided March 9, 1992.
 
 Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., District Judge. (CR-90-173-G)
 Susan Hayes, Charles A. Lloyd, Lonnie G. Albright, III, Pfaff, Elmore & Albright, Greensboro, N.C., for appellants.
 Robert H. Edmunds, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER, K.K. HALL and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Peter George, Jr., and Eric Lewis Brandon each pled guilty to conspiracy (21 U.S.C. § 846 (1988)), investing income derived from a drug conspiracy (21 U.S.C. § 854 (1988)), money laundering (18 U.S.C.A. § 1956(a)(1)(B) (West 1984 & Supp.1991)), and filing false tax returns (26 U.S.C. § 7206(1) (1988)). They appeal their sentences on the ground that the district court erred in determining that at least fifty kilograms of cocaine were involved in the offense. We affirm.
 
 
 2
 The amount of drugs used to compute a base offense level need only be shown by a preponderance of the evidence. United States v. Powell, 886 F.2d 81 (4th Cir.1989), cert. denied, 493 U.S. 1084 (1990). The district court's factual finding as to the amount of drugs involved is reviewed for clear error. United States v. Goff, 907 F.2d 1441 (4th Cir.1990). The conspiracy in this case lasted from 1981 to 1990. The district court had before it George's testimony at the sentencing hearing which, taken at face value, established that slightly more than forty kilograms of cocaine were distributed from November 1984 through June 1989. Brandon's personal calendars established that he made sixty-one trips to Florida and back to North Carolina in this same period. Information before the court from friends and customers was that Brandon went to Florida every two to six weeks, whenever it was necessary to replenish the supply of cocaine being distributed by him, George, and George's wife, and that he usually brought back about one kilogram and possibly more. The government also presented evidence that Brandon made major documented cash expenditures of $109,329 in 1984 and $214,254 in 1985, though he was never employed during the whole period of the conspiracy. Peter George and his wife also spent greatly in excess of their documented income during this time. Although George testified that only small amounts of cocaine were distributed prior to 1984, and there was evidence that Brandon had property and friends in Florida which gave him additional reasons to visit Florida, we cannot say the district court's decision was clearly erroneous. We note also that when the amount of drugs seized does not reflect the scale of the offense, the district court may estimate the total quantity involved. See United States Sentencing Commission, Guidelines Manual, § 2D1.4, comment. (n. 2) (Nov.1990).
 
 
 3
 The judgment of the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.