968 F.2d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Keith Alan KIRK, Defendant-Appellant.
 No. 91-5075.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 13, 1991
Decided: July 8, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CR-90-107-5)
 Ronald D. McSwain, Boose & McSwaim, Fayetteville, North Carolina, Appellant.
 Margaret Person Currin, United States Attorney, Robert E . Skiver, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 F.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Keith Allen Kirk appeals his sentence contending that: (1) the district court abused its discretion in not reassigning his case to another judge; and (2) he was denied due process because the district court failed to consider the sentences of his co-conspirators during sentencing. We disagree and affirm.
 
 
 2
 Kirk is one of seven co-conspirators indicted for a conspiracy to possess, import, and distribute cocaine. Kirk pled guilty to one count of conspiracy to import cocaine in violation of 21 U.S.C. § 963 (1988). Prior to sentencing, Kirk requested that his case be transferred to another judge who was handling the sentencing of five of the coconspirators. The court declined, believing itself fully capable of weighing the relative guilt of the parties. The court determined that Kirk's Offense Level under the Sentencing Guidelines was 34 and that he fell within Criminal History Category I. The Government did not recommend any downward departures, nor did the court find a departure appropriate. Accordingly, the court sentenced Kirk to 151 months imprisonment, the minimum level required for his offense level and criminal history. United States Sentencing Commission, Guidelines Manual, § 5A (Nov. 1990). In contrast, the Government made a motion stating that four of the other co-conspirators had provided it substantial assistance. As a result, these four received sentences ranging from 36 to 100 months despite the fact that each coconspirator had the same or a higher offense level than Kirk.
 
 
 3
 Kirk contends that the district court should have reassigned his case to the judge sentencing five of his co-conspirators. Kirk argues that he would have received a different sentence had the same judge sentenced all the co-conspirators because the judge would not have given him such a disparate sentence compared with the others. This Court rejected a similar argument in United States v. Goff, 907 F.2d 1441, 1447 (4th Cir. 1990), holding that where co-conspirators are substantially dissimilar, disparate sentences will not justify a downward departure. Each of the co-conspirators whose sentences Kirk relies upon had downward departures based upon government motions attesting to substantial assistance. No such motion was made in Kirk's case, nor does Kirk contend such a motion should have been made. Thus Kirk is substantially dissimilar to his other co-conspirators and is not justified in seeking a downward departure based on a disparate sentence. Kirk received the minimum sentence possible under the Sentencing Guidelines; no reassignment would have affected his sentence.
 
 
 4
 Kirk also contends that he was denied due process because the district court failed to consider the sentences of his coconspirators before sentencing. Because, for the reasons stated above, the co-conspirators' sentences were irrelevant to Kirk's case, his due process claim is without merit.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED