989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kodilinye Chuku NWOSU, a/k/a KC, a/k/a Kod, Defendant-Appellant.
 No. 92-5633.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 1, 1993
Decided: March 19, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CR-91-306-HAR)
 Daniel E. Ellenbogen, Washington, D.C., for Appellant.
 Richard D. Bennett, United States Attorney, Robert E. Sims, Assistant United States Attorney, Judith A. Bollinger, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Kodilinye Chuku Nwosu entered a guilty plea to one count of possession of heroin with intent to distribute in violation of 21 U.S.C.A. § 841 (West Supp. 1992) and 18 U.S.C. § 2 (1988). Two remaining charges (conspiracy to possess and distribute heroin and money laundering) against him were dismissed as part of his plea bargain. He appeals his sentence, alleging that the district court's determinations concerning his base offense level, his role in the offense, and his failure to accept responsibility were all clearly erroneous. We affirm.
 
 
 2
 Nwosu distributed heroin for Raymond Obilo in New York in late 1989 and early 1990. He stopped working for Obilo when he moved to Maryland in March 1990, but resumed his association with Obilo in January 1991. At that time he also came into contact with Paul Okolo and Chris Kanu, who were then supplying Obilo with heroin. Beginning in January 1991, Okolo and the others made arrangements to send two couriers to Ghana to obtain heroin. Nwosu was aware of the scheme, which resulted in the arrest of the couriers on their return to the United States carrying the heroin in March 1991, and the arrest of Obilo and Kanu in June 1991. Nwosu continued to distribute heroin. In August 1991, he was arrested with Okolo during a drug transaction after an informant alerted federal agents. Nwosu was carrying 300 grams of heroin. This conduct was the basis for count to which he pleaded guilty.
 
 
 3
 In his written objections to the presentence report, Nwosu disputed the computation of his base offense level of thirty-four (three to ten kilograms of heroin),* arguing in part that the government had not shown that the August 1991 incident was part of an overall conspiracy rather than an isolated event. The district court did not make a specific finding that the other amounts considered were part of a continuous conspiracy, but treated them as such. We review the court's determination of the amount of heroin involved under the clearly erroneous standard. United States v. Goff, 907 F.2d 1441 (4th Cir. 1990).
 
 
 4
 The agreed statement of facts to which Nwosu stipulated as part of his plea agreement establishes that the conspiracy he participated in began with his association with Obilo in New York, continued-after a hiatus-in Maryland, where both Obilo and Okolo were involved, and persisted after Obilo's arrest through Nwosu's continued distributions for Okolo. The court determined that there was evidence of over three kilograms which Nwosu either distributed or was aware of, excluding the period from March 1990 to January 1991 when he was not actively participating in the conspiracy. Nwosu distributed 600 grams for Obilo in January 1990. He also knew of or could reasonably foresee approximately 2000 grams supplied to Obilo by Okolo and Kanu between January and March 1991, and 536 grams brought from Ghana by the couriers in March 1991. Nwosu did not dispute this information. The amounts relied on by the district court were all relevant conduct under guideline section 1B1.3(a)(1) and (a)(2). A base level of thirty-four was thus not clearly erroneous.
 
 
 5
 Nwosu requested a minor role reduction but presented no evidence that his was a minor role, which it was his burden to do. United States v. Gordon, 895 F.2d 932 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S. 1990). Finally, he did not demonstrate an affirmative recognition of responsibility for all his criminal conduct either before or during sentencing. He insisted in a statement to the court that he did not know what his co-defendants were doing and was not involved in drug trafficking with Okolo until the day of his arrest. The district court's factual findings on both issues were not clearly erroneous.
 
 
 6
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual, § 2D1.1 (Nov. 1991)