35 F.3d 557
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth GREEN, Defendant-Appellant.
 No. 93-5392.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 10, 1994.
Decided: September 6, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CR-92-317-S)
 ARGUED: James Christopher Savage, Rockville, Md, for appellant.
 Katherine Jacobs Armentrout, Office of the United States Attorney, Baltimore, MD, for appellee.
 On brief: Lynne A. Battaglia, U.S. Atty., Brent J. Gurney, Asst. U.S. Atty., Baltimore, MD, for appellee.
 D.Md.
 AFFIRMED.
 Before WILKINSON and NIEMEYER, Circuit Judges, and WILLIAMS, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Kenneth Green appeals the sentence imposed on him after he pled guilty to participation in a large drug distribution conspiracy. Noting that his brother, Reginald Green, who was the conspiracy's ringleader, was sentenced on the basis of a lesser stipulated quantity of drugs after entering a guilty plea, Kenneth Green argues that he, too, should have the benefit of the lower amount. We reject the argument and affirm.
 
 
 2
 Following an investigation of the Green drug distribution ring, which continued for over 18 months, Baltimore City police executed search warrants on the ring's headquarters. The evidence obtained from the long surveillance, wire taps, and the search produced an overwhelming amount of evidence against the conspiracy's members, implicating them in the distribution of large quantities of heroin and cocaine. The investigation revealed that Kenneth Green had handled the daily operations of the ring for Reginald Green, his brother.
 
 
 3
 On January 22, 1993, Kenneth Green pled guilty pursuant to an agreement stipulating that the total amount of drugs involved in the conspiracy and foreseeable to him exceeded 10 kilograms of heroin and 5 kilograms of cocaine, resulting in a base offense level under the Sentencing Guidelines of 36. With other stipulated sentencing factors that both increased and decreased the base offense level, Kenneth Green's offense level came to 35, corresponding to a sentence range of 168-210 months. The district court sentenced Green to 168 months.
 
 
 4
 A month later, Kenneth Green's brother, Reginald Green, also negotiated a plea agreement and pled guilty pursuant to that agreement. Reginald Green, however, refused to stipulate to the amount of drugs imputable to him, and consequently a two-day sentencing hearing was held, in which the government sought to establish the fact that over 10 kilograms of heroin were involved in the conspiracy. During the hearing, the government offered evidence that the drug ring distributed a minimum 34 kilograms of heroin and 6 kilograms of cocaine. At the end of the second day of the hearing, the hearing was continued to enable Reginald Green to call as witnesses codefendants who would testify that the government's evidence was exaggerated. Reginald Green contended that the approximate amount of drugs distributed by the conspiracy was between 6.25 and 9.75 kilograms. Two months later, before resumption of the sentencing hearing, Reginald Green offered to accept a sentence with role and weapon enhancements, and he agreed to waive his right to appeal the sentence if the government would agree to a base offense level of 34, representing drug amounts in the range of 3 to 10 kilograms. Although the government never conceded that the amount involved in the conspiracy was less than 10 kilograms, for pragmatic reasons it agreed to the offer. Giving its reasons for doing so, the government pointed out that the sentence it was recommending, 360 months, was available under either level 34 or level 36. Moreover, acceptance of the stipulation would bring the protracted sentencing hearing to an end, and no appeal would follow (a concession not granted by Kenneth Green). Reginald Green was thereafter sentenced to 292 months.
 
 
 5
 Kenneth Green now argues that he should have the benefit of his brother's stipulation to a lower amount of drugs since both were members of the same conspiracy. The argument, however, is without merit. While the Sentencing Guidelines seek to create broad sentencing uniformity on a national basis, they do not mandate sentencing conformity among members of a particular conspiracy. See United States v. Piche, 981 F.2d 706 (4th Cir.1992), cert denied, 113 S.Ct. 2356 (1993); United States v. Goff, 907 F.2d 1441 (4th Cir.1990). Each defendant must be sentenced based on the record established in his case and the sentencing guidelines applicable to him.
 
 
 6
 In this case, Kenneth Green agreed to the amount of drugs involved in the conspiracy attributable to him, and his stipulation was supported by the record. Indeed, even if testimony from Reginald Green's hearing is considered, the evidence presented there attributed substantially more than 10 kilograms to the conspiracy. Accordingly, it was proper for the district court to have sentenced Kenneth Green based on the 10-kilogram amount. The circumstances giving rise to Reginald Green's sentence are irrelevant to Kenneth Green's sentence, particularly when the government never abandoned its position in the Reginald Green case that the conspiracy distributed over 10 kilograms of heroin.
 
 Accordingly, Kenneth Green's sentence is
 
 7
 AFFIRMED.