45 F.3d 428
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James DUCKETT, a/k/a Duck, Defendant-Appellant.
 No. 93-5633.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 8, 1994.
Decided: Dec. 29, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CR-93-129-A)
 Thomas Crane Carter, Alexandria, VA, for Appellant. Helen F. Fahey, United States Attorney, Mark J. Hulkower, Assistant United States Attorney, Alexandria, VA, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Following a jury trial, James Duckett was convicted on three counts concerning an assault on a fellow inmate at the Lorton Reformatory ("Lorton"). The district court enhanced Duckett's base offense level by two levels for obstruction of justice and sentenced him to 240 months in prison. Duckett appeals, contending that the evidence was insufficient to support his convictions and that the district court improperly enhanced his sentence. We find that these claims lack merit; consequently, we affirm.
 
 
 2
 On November 7, 1991, Duckett stabbed fellow inmate Michael Gibson with a shank. Gibson suffered eight life-threatening stab wounds, whereas Duckett sustained a minor scratch on his thumb. A grand jury indicted Duckett for assault with intent to murder, assault causing serious bodily harm, and possession of a weapon by a prisoner.
 
 
 3
 Gibson testified at Duckett's trial. He stated that on November 7, 1991, he lent cigarettes to Duckett. When Gibson refused to lend Duckett additional cigarettes later that day, Duckett became angry. A short time later, according to Gibson, Duckett stabbed him in the back while Gibson was watching television. Gibson stated that after first trying to defend himself by punching Duckett and shielding himself with a chair, he fled. Duckett continued to stab him while in hot pursuit. Two prison guards testified and corroborated Gibson's version of the altercation.
 
 
 4
 Duckett presented two witnesses on his behalf, both inmates at Lorton. Andre Cook testified that he saw Gibson running at Duckett with a shank and Duckett trying to protect himself. On cross-examination, he admitted to previously telling a Federal Bureau of Investigation agent that he had not seen a shank. Byron Moorehead testified that Gibson left the television room after arguing with Duckett and that Gibson returned with a shank. Moorehead stated that Duckett wrestled the shank away from Gibson and then chased him with it, stabbing at him. On cross examination, Moorehead admitted that he did not actually see Gibson enter the room with the shank.
 
 
 5
 The jury found Duckett guilty on all three counts. At sentencing, the district court enhanced Duckett's base offense level by two levels for obstruction of justice, pursuant to United States Sentencing Commission, Guidelines Manual, Sec. 3C1.1 (Nov.1992). The enhancement was based on information in the presentence report from the affidavit of Federal Bureau of Investigation ("FBI") Agent Ricky Hobgood. Hobgood's affidavit stated that Gibson told him that two days before Duckett's trial, Duckett visited the halfway house where Gibson lived, attacked a resident in front of the facility, and told the inmates standing around in the area to tell Gibson "that no need for him to come to court." The agent was able to confirm that a resident inmate in fact had been attacked in front of the halfway house by an unidentified assailant. Duckett's counsel submitted a position paper objecting to the enhancement. At the sentencing hearing, he stated that Duckett denied threatening Gibson before the trial, but presented no evidence supporting his denial. The district judge stated that, based on the presentence report, he was convinced that Duckett in fact had threatened Gibson. The court sentenced Duckett to 240 months in prison. Duckett timely appealed.
 
 
 6
 Duckett argues on appeal that the government's evidence was insufficient to prove that he did not act in self defense. In reviewing sufficiency of the evidence claims, this Court determines whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. See United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir.1993); see also Jackson v. Virginia, 443 U.S. 307, 319 (1979). We find that Gibson's testimony, buttressed by the corroborating testimony of the prison guards, provided substantial evidence to support the jury's finding that Duckett attacked Gibson first with the shank. To the extent that Duckett's witnesses' testimony contradicted the government's witnesses' testimony, it was within the jury's province to decide which version of the altercation they believed. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989).
 
 
 7
 Next, Duckett argues that the district court erroneously enhanced his base offense level for obstruction of justice. "If the defendant willfully obstructed ... or attempted to obstruct ... the administration of justice during the investigation, prosecution, or sentencing of the instant offense, [the guidelines instruct the district court to] increase the offense level by 2 levels." U.S.S.G. Sec. 3C1.1. The commentary to this guideline lists as an example of obstruction of justice threatening, intimidating, or otherwise unlawfully influencing a witness. U.S.S.G. Sec. 3C1.1, comment. (n.3(a)).
 
 
 8
 Duckett contends that the district court improperly relied on information in the presentence report to conclude that Duckett obstructed justice by threatening Gibson. This Court reviews the district court's factual findings for clear error. United States v. Goff, 907 F.2d 1441, 1444 (4th Cir.1990). We find that the facts recited in the presentence report, based on an FBI agent's affidavit, establish obstruction under Sec. 3C1.1 and the district court did not clearly err by relying on this report to enhance Duckett's sentence. See United States v. Hicks, 948 F.2d 877, 883 (4th Cir.1991) (due process is satisfied if factual evidence has minimal indicia of reliability).
 
 
 9
 For these reasons, we affirm Duckett's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.