76 F.3d 376
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Howard BURNETTE, Defendant-Appellant.
 No. 94-5959.
 United States Court of Appeals, Fourth Circuit.
 Jan. 30, 1996.
Submitted Dec. 19, 1995.
Decided Jan. 30, 1996.
 
 James K. Bredar, Federal Public Defender, Beth M. Farber, Branch Chief, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland; Martin Bahl, Staff Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant.
 Lynne A. Battaglia, United States Attorney, Stephen S. Zimmerman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.
 Before HALL, WILKINS, and MICHAEL, Circuit Judges.
 Affirmed by unpublished per curiam opinion.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant appeals his sentence imposed for conspiracy and possession of cocaine with intent to distribute. At his sentencing hearing, the district court made a factual finding that at least 243 kilograms of cocaine were attributable to the Appellant. Appellant challenges this finding; we review for clear error, United States v. Goff, 907 F.2d 1441, 1444 (4th Cir.1990), and affirm.
 
 
 2
 Our review reveals no clear error. The district court clearly stated the bases for its finding of drug quantity. It found the figure to be supported by party submissions and the evidence presented at trial--including the testimony of two witnesses. These witnesses were former drug dealers and co-conspirators of the Appellant. They voluntarily turned themselves in to the Drug Enforcement Administration and participated in the sting operation which led to the arrest and conviction of Appellant. Appellant contends that these two witnesses were therefore motivated to fabricate stories of a greater quantity of cocaine in order to impress the Government and receive more favorable treatment. Accordingly, he argues that their testimony was inherently unreliable and that the district court was required to conduct a factual inquiry into their credibility. We reject this argument for two reasons. First, there is no precedent in this Court establishing such a requirement. Second, the district court repeatedly and emphatically stated that it found the witnesses to be both reliable and credible; witness credibility is not subject to appellate review. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989) (stating that witness credibility is not reviewed in a sufficiency of the evidence challenge). Having rejected Appellant's argument, we find that the district court's determination of drug quantity was not clearly erroneous. Therefore, we affirm Appellant's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.
 
 AFFIRMED