UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.

RAJUL RUHBAYAN, a/k/a Creme, a/k/a
Amir Ruhbayan, a/k/a Jibra'el Ruh-
alamin, a/k/a Jibrael Ruhalamin,
a/k/a James Vernon Wood, a/k/a
James Vernette Johnson,
              *Defendant-Appellant.*

No. 01-4009

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CR-00-86)

Submitted: July 17, 2001

Decided: August 1, 2001

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

James B. Melton, Chesapeake, Virginia, for Appellant. Kenneth E.
Melson, United States Attorney, James Ashford Metcalfe, Assistant
United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Rajul Ruhbayan appeals his conviction for possession of cocaine base, in violation of 21 U.S.C.A. § 844 (West 1999), and his consecutive sentences totaling twenty-four months incarceration on his convictions for possession of cocaine base and conspiracy to possess cocaine base.* We affirm his sentence and conviction.

Ruhbayan maintains the warrant to search his residence was issued without probable cause for a purpose unrelated to the firearm charge against him and, consequently, the district court erred in refusing to suppress evidence taken from his house. We review legal conclusions made pursuant to a district court's suppression determination de novo, but review the underlying factual findings for clear error. *United States v. Miller*, 925 F.2d 695, 698 (4th Cir. 1991). When a suppression motion has been denied, we review the evidence in the light most favorable to the Government. *Id.*

In this case, the magistrate issued the warrant upon a finding of probable cause based on an affidavit of an investigating officer. We agree with the district court that the information in the affidavit was current, corroborated, reliable, not conclusory, and contained overwhelming evidence of probable cause. *See Illinois v. Gates*, 462 U.S. 213, 244 (1983); *United States v. Lalor*, 996 F.2d 1578, 1581 (4th Cir. 1993). Further, because the officers were lawfully in Ruhbayan's home pursuant to a valid search warrant, they had a right to seize drug paraphernalia and other evidence immediately apparent to them as indicative of contraband or evidence of a crime found in plain view. *See United States v. Ross*, 456 U.S. 798, 820-21 (1982); *United States v. Jackson*, 131 F.3d 1105, 1109 (4th Cir. 1997) (citing *United States*

---

*He does not appeal the conviction of conspiracy to possess cocaine base, in violation of 21 U.S.C.A. § 846 (West 1999).

*v. Williams*, 41, F.3d 192, 196 (4th Cir. 1994)). Therefore, we find no error in the denial of the motion to suppress.

Next, Ruhbayan contests the district court's enhancement of his base offense level by two points for obstruction of justice pursuant to *U.S. Sentencing Guidelines Manual*, § 3C1.1 (1998), and the increase in his criminal history category by two levels pursuant to USSG § 4A1.3. We review the district court's enhancement of Ruhbayan's sentence based on obstruction of justice and its determination regarding his criminal history category for clear error. *See United States v. Puckett*, 61 F.3d 1092, 1095 (4th Cir. 1995); *United States v. McManus*, 23 F.3d 878, 882 (4th Cir. 1994). We review the extent of the departure for abuse of discretion. *See United States v. Summers*, 893 F.2d 63, 66 (4th Cir. 1990).

The district court may increase the offense level by two if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing." USSG § 3C1.1. The enhancement applies to perjury. USSG § 3C1.1, comment. (n.2).

At trial, Ruhbayan denied knowledge of cocaine found in his pocket and a firearm found in his van. The district court compared the testimony of Ruhbayan and several witnesses, concluded the testimony was perjured, and specifically found "both instances of false testimony related to material facts, and the Defendant gave such false testimony willfully in order to obstruct justice, rather than as a result of confusion or faulty memory." Upon review of the evidence, we uphold the district court's two point enhancement pursuant to USSG § 3C1.1 based upon its finding that Ruhbayan provided false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory. *See United States v. Dunnigan*, 507 U.S. 87, 94 (1993).

Finally, USSG § 4A1.3 authorizes departure from the applicable sentencing guideline range if the defendant's criminal history category is not adequately represented. Initially, the presentence investigation report fixed Ruhbayan's criminal history category at IV. After addressing the parties' objections to the report and the Government's motion for an upward departure, the district court determined that the

initial criminal history category should have been III. Then, the district court determined that the criminal history points grossly understated Ruhbayan's criminal history and his likelihood of being a repeat offender. Consequently, the district court increased Ruhbayan's criminal history category to V pursuant to USSG § 4A1.3, and sentenced him to twenty-four months incarceration, within the middle of the resulting sentence range.

We find the district court considered criminal history categories III, IV, and V, provided a clear, well-reasoned explanation for its modification of Ruhbayan's criminal history category from IV to III to V, based upon reliable information contained in the presentence investigation report. *See United States v. Rusher*, 966 F.2d 868, 882 (4th Cir. 1992); *United States v. Goff*, 907 F.2d 1441, 1445 (4th Cir. 1990).

Accordingly, we affirm Ruhbayan's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*