37 F.3d 1496
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Fitz MCKENZIE, a/k/a LaBee, a/k/a Dave, a/k/a LaBe, a/k/a
Tim, Defendant-Appellant.
 No. 93-5534.
 United States Court of Appeals, Fourth Circuit.
 Argued July 15, 1994.
Decided October 11, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry C. Morgan, Jr., District Judge. (CR-93-4-N)
 Argued: Richard Habib Doummar, Virginia Beach, VA, for appellant.
 Argued: Arenda L. Wright Allen, Office of the United States Attorney, Norfolk, VA. On brief: Helen F. Fahey, United States Attorney, Kevin M. Comstock, Assistant United States Attorney, Gregory A. Gruber, Special Assistant United States Attorney, Norfolk, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and BUTZNER and PHILLIPS, Senior Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Fitz McKenzie appeals the life sentence imposed following his conviction, by a jury, on drug distribution and firearms charges. Finding no error, we affirm.
 
 
 2
 * McKenzie was a principal figure in a drug distribution ring operating in Norfolk, Virginia during the summer and fall of 1992. In addition to occupying a manager's position in the distribution chain, he also served as the group's "enforcer", using physical force--real and threatened--against street dealers who reported back short of money or drugs.
 
 
 3
 In January 1993, a federal grand jury returned a twelve count indictment against McKenzie and three co-defendants alleging drug conspiracy and distribution and firearms offenses in violation of 21 U.S.C. Secs. 846 and 841(a)(1), and 18 U.S.C.Sec. 924(c)(1). While his accomplices pled guilty and accepted plea bargains, McKenzie alone pled not guilty and demanded a jury trial.
 
 
 4
 With the three co-conspirators testifying against him, in addition to numerous Norfolk police officers, McKenzie was found guilty on all counts.
 
 
 5
 At McKenzie's subsequent sentencing hearing, two issues were contested: (1) the amount of cocaine base (crack) properly attributable to him in relation to the drug offenses of which he was convicted, and (2) his role in the drug conspiracy of which he was convicted.
 
 
 6
 The government introduced one witness, Austin Roscoe, a narcotics investigator with the Norfolk Police Department. Roscoe testified first to McKenzie's intimate involvement with the ring including his beatings of wayward members and oversight of at least two distributors. Second, Roscoe testified that the minimum amount of crack cocaine distributed by the ring during the six-week period of his investigation was twenty-four (24) kilograms.
 
 
 7
 In response, defendant McKenzie offered the testimony of his sister. She stated that she had not seen any such displays of wealth by McKenzie as normally would be associated with the distribution of such large quantities of drugs. The only other defense witness was McKenzie himself who denied any knowledge of, or involvement in, the drug distribution conspiracy, this notwithstanding the jury's finding that he was a major participant.
 
 
 8
 The sentencing judge found that the government had proved, by a preponderance of the evidence, that the quantity of drugs attributable to McKenzie was in fact 24 kilograms of what the court then referred to as "cocaine." See United States v. Powell, 886 F.2d 81, 85 (4th Cir.1989). In remarks delivered from the bench the court noted: "Had the defendant cooperated, had the defendant admitted his guilt, he would have gotten credit for that. He may not have been charged with that quantity of drugs, if he admitted his guilt." JA 254-55.
 
 
 9
 The finding of an attributable amount of 24 kilograms of cocaine base led to a base offense level of 42. To this the judge added three points for defendant's role as a "manager." Thus, McKenzie's base offense level reached 45 which translated into imposition of a life term plus sixty months.
 
 
 10
 This appeal followed.
 
 II
 
 11
 McKenzie argues that his sentence must be vacated for two reasons. First, he alleges that the district court penalized him for pleading not guilty. Second, he claims that the district court found only that he was responsible for distributing cocaine, not cocaine base. For both these charges, petitioner's only support are stray remarks uttered by the sentencing judge. Ultimately, both attacks must fail because the record, taken as a whole, clearly indicates that the sentencing was proper.
 
 
 12
 First, the sentencing judge's comment, quoted above, is patently an insufficient ground for vacating the sentence. On its face the statement represents an accurate assessment based on two widely recognized facts: that persons willing to plead guilty are benefitted under the sentencing guidelines via a reduction for acceptance of responsibility, see U.S.S.G. Sec. 3E1.1 and that a guilty plea commits the government to a specific drug amount which may be less than the amount proved at trial against a defendant unwilling to plead guilty. Thus, the court's comment, though unguarded, was certainly not inaccurate, nor grounds for vacating the imposed sentence.
 
 
 13
 As basis for his second challenge, McKenzie also cites to an isolated remark by the sentencing judge, namely that the court found attributable to McKenzie 24 kilograms of "cocaine" rather than "cocaine base" or "crack." McKenzie makes a more general argument that it was unclear throughout whether he was being charged with distribution of cocaine base or merely cocaine powder, and that he did not have knowledge of all the drug amounts attributed to him.
 
 
 14
 A review of the entire record, both of the trial and sentencing hearing, shows that by "cocaine" the judge clearly meant cocaine base or crack. First, the indictment included charges of distribution of cocaine base. Throughout the trial, presided over by the sentencing judge, the testimony was replete with references to "crack", "cooked" and "rocked" cocaine, all accepted synonyms of cocaine base. At sentencing there were similar references by persons, including the judge who at one point queried: "That's a large quantity ... of crack cocaine [for] a group to be handling in that period of time, is it not?" JA 211 (emphasis added). Finally, the presentence report specifically found that the conspiracy distributed a minimum of 24 kilograms of "crack" cocaine. The judgment signed by the district court explicitly affirmed that it adopted the presentence report, except with regard to a finding unrelated to attributable amount.
 
 
 15
 Thus, viewed in context it is clear that the court made the finding on which the sentence was predicated, specifically that the amount attributable to McKenzie was 24 kilograms of cocaine base. To the extent petitioner contests the amount found, there is no error in the court's finding of the amount attributable to him. United States v. Goff, 907 F.2d 1441, 1444 (4th Cir.1990).
 
 III
 
 16
 Having found no basis of support in the record for McKenzie's claims of error, we affirm the sentence imposed by the district court.
 
 AFFIRMED