**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4171

LAVERN AIKEN, a/k/a Vern, a/k/a
Vata, a/k/a Lavern Lee,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Charles E. Simons, Jr., Senior District Judge.
(CR-95-489)

Submitted: August 20, 1996

Decided: September 16, 1996

Before HALL, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David Bruce Betts, Columbia, South Carolina, for Appellant. J. Rene
Josey, United States Attorney, Beth Caldwell, Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Lavern Aiken pled guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C.A. § 841 (West 1981 & Supp. 1995). He appeals his fifty-seven month sentence, claiming that in the course of determining his sentence the district court used incriminating evidence from his proffer agreement with the government in violation of the proffer agreement. Additionally, Aiken challenges the district court's determination of the amount of cocaine base attributable to him under U.S.S.G. § 2D1.1 (Nov. 1995). Finding no reversible error, we affirm.

Aiken was an operative in a significant drug distribution ring in Orangeburg, South Carolina. As part of their investigation, police sent a wired confidential informant to a suspected crack house to purchase an illegal firearm and possibly drugs. While at the house, the informant observed four to five ounces of crack cocaine and two to three thousand dollars located on a kitchen table. Additionally, the informant observed Aiken, who was in the front yard, take a drug order and money from unknown persons in a car, walk inside the house, and upon exiting the house give the customer a rock of crack cocaine.

After Aiken was indicted and arrested, he entered into a "proffer agreement" and was debriefed by the government. A provision of the proffer agreement was that evidence unknown to the government at the time of the proffer could not be used against Aiken. Later, Aiken, with the benefit of a written plea agreement, pled guilty to possession with intent to distribute cocaine base. The district court sentenced Aiken to fifty-seven months incarceration with three years supervised release.

Aiken now claims that the district court in determining his sentence used information in violation of his proffer agreement. Before this claim can succeed, Aiken must demonstrate some factual basis for his claim by notifying the court of what information was obtained and used improperly. United States v. O'Brien, 853 F.2d 522, 527 (7th Cir. 1988). Aiken presents no such evidence. When Aiken made his proffer, a co-defendant had already tendered a confession outlining

2

Aiken's role in the drug operation, and the government possessed the statements of the confidential informant and his clandestine recording. Our review of the record discloses that the district court did not use information provided by Aiken which was unknown by the government at the time of Aiken's proffer agreement.

Next, Aiken asserts that the district court erred in attributing the four to five ounces of crack cocaine observed on the kitchen table to him for sentencing purposes. Aiken's assertion is without merit. Because the quantity of drugs is only a sentencing factor and not an element of the offense, the government need only prove quantity by a preponderance of the evidence. United States v. Powell, 886 F.2d 81, 85 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990). Aiken and the government disagreed on the amount of crack cocaine attributable to Aiken; thus, the district court determined the amount after specific fact-finding. United States v. Goff, 907 F.2d 1441, 1444-45 (4th Cir. 1990). Evidence at sentencing showed that Aiken retrieved and sold crack cocaine from inside the crack house only moments after the confidential informant had observed four to five ounces of crack cocaine on a table in the kitchen. Additionally, Aiken was present when additional amounts of crack cocaine were sold from the house. Consequently, we cannot say the district court's attribution of four or five ounces of crack cocaine to Aiken was clearly erroneous. See United States v. Ricco, 52 F.3d 58, 62 (4th Cir.), cert. denied, 116 S.Ct. 254 (1995).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3