**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4641

DERRICK JEROME DANIELS,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CR-96-25)

Submitted: August 19, 1997

Decided: September 4, 1997

Before HALL, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James R. Willis, WILLIS & BLACKWELL, Cleveland, Ohio, for
Appellant. Rebecca A. Betts, United States Attorney, John L. File,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Derrick Jerome Daniels was convicted by a jury of conspiring to distribute and to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 (1994), and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (1994). On appeal, Daniels challenges the sufficiency of the evidence on the conspiracy conviction and also claims that venue was improper. Additionally, Daniels contests the amount of drugs that the district court attributed to him. We affirm.

First, Daniels claims that the evidence was insufficient to support a conspiracy conviction. This court reviews sufficiency of the evidence challenges by determining whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. See Glasser v. United States, 315 U.S. 60, 80 (1942); see also United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc), cert. denied, 117 S. Ct. 1087 (1997). The Government must establish the following elements to prove conspiracy to distribute and to possess with intent to distribute drugs: (1) agreement between two or more persons, tacit or express, to distribute and to possess with intent to distribute drugs; (2) that the defendant knew of the conspiracy; and (3) that the defendant knowingly and voluntarily became a part of the conspiracy. See Burgos, 94 F.3d at 857 (stating that circumstantial evidence may be used to prove knowledge and participation).

While we agree with Daniels to the extent that, standing alone, evidence of a buyer-seller relationship may not be sufficient evidence upon which to base a conspiracy conviction, we recognize that evidence of a buyer-seller relationship is relevant to the question of whether a conspiratorial relationship exists. See United States v. Mills, 995 F.2d 480, 485 n.1 (4th Cir. 1993) (holding that"evidence of a buy-sell transaction, when coupled with a substantial quantity of drugs, would support a reasonable inference that the parties were coconspirators"). In addition, evidence of continuing relationships and repeated transactions can support the finding that there was a conspir-

2

acy, especially when coupled with substantial quantities of drugs. See Burgos, 94 F.3d at 858; Mills, 995 F.2d at 485 n.1.

In this case, the evidence at trial primarily consisted of testimony by coconspirator Craig Joe Crawford that he purchased cocaine from Daniels on numerous occasions. Crawford testified that generally Daniels provided Crawford with half a kilogram of cocaine and on one occasion Daniels sold him four ounces of cocaine and five ounces of crack cocaine. Crawford further testified that he told Daniels that he was moving the drugs to Huntington, West Virginia, and that he usually sold the drugs in about two weeks. We conclude that the evidence of repeated transactions involving substantial quantities of drugs was sufficient to show that Daniels was involved in more than a mere buyer-seller relationship with Crawford. See Mills, 995 F.2d at 485 n.1. Further, we find that, viewing the evidence of the continuing relationship and repeated transactions in the light most favorable to the Government, any rational trier of fact could find Daniels guilty of conspiracy to distribute and to possess with intent to distribute beyond a reasonable doubt. See Glasser, 315 U.S. at 80; Burgos, 94 F.3d at 858.

Next, Daniels contends that venue was improper in the Southern District of West Virginia because there is no evidence that the conspiracy offense was committed in the Southern District of West Virginia. Daniels maintains that the transactions were mere "one-shot agreements" which occurred in Ohio.

In a case in which the offense was committed in more than one district, venue for a defendant is proper "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a) (1994). Thus, in a drug conspiracy case, venue lies in "any district in which the agreement was formed or in which an act in furtherance of the conspiracy was committed." United States v. Gilliam, 975 F.2d 1050, 1057 (4th Cir. 1992). Further, for purposes of venue, the acts of each coconspirator are imputed to the other members of the conspiracy. See United States v. Al-Talib, 55 F.3d 923, 928-29 (4th Cir. 1995).

To the extent that Daniels claims that venue was improper because the evidence was insufficient to support his conspiracy conviction, his

claim is unavailing because, as stated above, the evidence was sufficient to support his conspiracy conviction. Furthermore, contrary to Daniels' assertions, we find that venue was proper in the Southern District of West Virginia for Daniels' conspiracy charge even though Daniels had neither been to the jurisdiction prior to his arrest nor committed any acts there. It is sufficient that Daniels' coconspirator sold drugs in the jurisdiction and arranged drug transactions with Daniels by telephone from within the jurisdiction. See Al-Talib, 55 F.3d at 928 (stating that venue must be established by a preponderance of evidence); Gilliam (same), 975 F.2d at 1057; see also United States v. Porter, 821 F.2d 968, 975 (4th Cir. 1987) (same). Thus, because his coconspirator committed acts in furtherance of the conspiracy in the Southern District of West Virginia, we find that venue was proper in that jurisdiction.

Daniels also contests the amount of drugs that the district court attributed to him. When reviewing the calculation of the quantity of drugs attributable to a defendant, this court gives due deference to the district court's opportunity to assess the credibility of witnesses and accepts the district court's findings unless they are clearly erroneous. See United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990); see also 18 U.S.C.A. § 3742(e) (West Supp. 1997).

In calculating the amount of drugs attributable to Daniels, the district court relied largely on the testimony and demeanor of coconspirator Crawford. The district court observed Crawford at trial and during a sentencing hearing and concluded that Crawford's testimony was credible. When calculating the amount of drugs attributable to Daniels, the district court took into account the inconsistencies in Crawford's testimony and when there were discrepancies, the district court correctly erred on the side of caution. See United States v. Lamarr, 75 F.3d 964, 972 (4th Cir. 1994), cert. denied, 117 S. Ct. 358 (1996). Thus, we find that the district court did not clearly err when it determined that the government had proven, by a preponderance of the evidence, that 2537.375 grams of cocaine powder and 56.7 grams of cocaine base were attributable to Daniels. See Goff, 907 F.2d at 1444; see also Lamarr, 75 F.3d at 972.

Accordingly, we affirm Daniels' conviction and sentence. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>