**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                     No. 97-4026

ALEX LAMONT SMITH,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                     No. 97-4027

MARVIN LADAUN SCOTT,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                       No. 97-4028

ALVEROUS L. GRIFFIN, a/k/a Alverous
L. Griffen,
Defendant-Appellant.

Appeals from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-96-14)

Submitted: March 10, 1998

Decided: April 20, 1998

Before WILKINS and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert G. Coury, SHERRY, SMITH & COURY, Woodsfield, Ohio;
John Preston Bailey, BAILEY, RILEY, BUCH & HARMAN, L.C.,
Wheeling, West Virginia; Sharleen E. Gist, Wellsburg, West Virginia,
for Appellants. William D. Wilmoth, United States Attorney, Lisa
Grimes Johnston, Assistant United States Attorney, Wheeling, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alex Lamont Smith, Marvin Ladaun Scott, and Alverous L. Griffin
appeal from their convictions and sentences for conspiracy to possess
with intent to distribute and to distribute crack cocaine in violation 21
U.S.C. § 846 (1994), and aiding and abetting the possession with
intent to distribute crack cocaine within 1000 feet of a playground in
violation of 21 U.S.C.A. §§ 841, 860 (West 1981 & Supp. 1997), and
18 U.S.C. § 2 (1994). Defendants appeal their convictions, contending
that the prosecutor's peremptory challenges violated Batson v.
Kentucky, 476 U.S. 79 (1986), and that the district court erred in
denying their motion to suppress evidence. Smith and Scott also
appeal their sentences, challenging the amount of drugs attributable
to them. Finding no error, we affirm.

2

I.

Defendants contend that the prosecutor's peremptory strike of the only black venireperson violated Batson v. Kentucky. A finding by the district court regarding whether a peremptory challenge was exercised for a racially discriminatory purpose is given "great deference" by this court and is reviewed for clear error. See Jones v. Plaster, 57 F.3d 417, 421 (4th Cir. 1995) (citing Hernandez v. New York, 500 U.S. 352, 364 (1991) (plurality opinion)).

After voir dire, thirty-nine people were qualified as jurors, and the government struck the only black prospective juror. Because Defendants also were black, they challenged the strike under Batson. On these facts, the district court found that Defendants established a prima facie case of discrimination. See Batson , 476 U.S. at 96; Howard v. Moore, 131 F.3d 399, 407 n.7 (4th Cir. 1997) (en banc).

In ruling on a Batson challenge, the court must conduct a three-step inquiry. Assuming, without deciding, that Defendants established a prima facie case (step 1), the burden then shifts to the proponent of the strike to come forward with a neutral explanation for the challenge (step 2). See Howard, 131 F.3d at 407 (citing Batson, 476 U.S. at 97). "The prosecutor's `explanation need not be persuasive, or even plausible, as long as it is neutral.'" See id. (quoting Matthews v. Evatt, 105 F.3d 907, 917 (4th Cir.), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3256 (U.S. Oct. 6, 1997) (No. 96-9163)) (internal quotation marks and citation omitted). In other words, "[u]nless a discriminatory intent is inherent in the prosecutor's explanation, `the reason offered will be deemed race neutral.'" Purkett v. Elem, 514 U.S. 765, 768 (1995) (quoting Hernandez, 500 U.S. at 360). The burden then shifts back to defendant to prove that the explanation is pretextual. See Howard, 131 F.3d at 407 (citing Batson, 476 U.S. at 98). The trial court must then decide whether the opponent of the strike has proved "`purposeful discrimination'" (step 3). Id. (quoting Hernandez, 500 U.S. at 360).

The government asserted that it had a race neutral explanation for the strike, relying on information that the prospective black juror's son was under investigation by a drug task force and might be prosecuted by state or federal authorities. Although the government did not

3

know whether the prospective juror was aware of the investigation at that time, it contended that the juror might be prejudiced against the United States. The district court found that the government's explanation was race neutral and that Defendants failed to show that the explanation was pretextual.

Defendants now challenge only the district court's finding that the government's explanation for the strike was not pretextual. First, they cite Purkett as support for their assertion that the court impermissibly combined steps two and three of the analysis into one step, thereby denying Defendants an opportunity to prove that the government's reason was pretextual. In Purkett, the Supreme Court found that the court of appeals erred by "requiring that the justification tendered at the second step be not just neutral but also at least minimally persuasive, i.e., a `plausible' basis for believing that `the person's ability to perform his or her duties as a juror' will be affected." Purkett, 514 U.S. at 768 (quoting Purkett v. Elem, 25 F.3d 679, 683 (8th Cir. 1994), rev'd, 514 U.S. 765 (1995)). Here, unlike Purkett, the district court did not combine steps two and three; rather, the court considered whether the government's explanation for the strike was race neutral, noting that the explanation need not be persuasive or even plausible.

Second, Defendants contend that the district court erred in finding that the government's reason was not pretextual because the government admitted that the prospective juror might not have been aware that her son was under investigation. During the Batson hearing, however, Defendants' counsel offered no response to the government's proffered reason nor did counsel object to the court's findings. Defendants therefore failed to meet the burden of showing purposeful discrimination. See Hernandez, 500 U.S. at 363-64; Matthews, 105 F.3d at 918.

II.

Defendants next challenge the district court's denial of their motion to suppress evidence, contending that the court erred in finding that the motion was untimely filed; that Defendants did not have standing to contest the search; that the warrantless search of Harlan Altman's apartment was illegal because Altman did not consent; that even if

4

Altman had consented, the consent was not voluntary; and that the admission of the evidence was not harmless. Because we find that the motion to suppress was not timely filed, we decline to address Defendants' remaining claims.

Rule 12(b)(3) of the Federal Rules of Criminal Procedure provides that suppression motions must be filed before trial. See FED. R. CRIM. P. 12(b)(3). Rule 12(c) allows a district court to set a date before which pretrial motions must be filed. See FED. R. CRIM. P. 12(c). Failure to make a pretrial motion before the court's deadline "shall constitute waiver . . . [unless] the court for cause shown . . . grant[s] relief from the waiver." FED. R. CRIM . P. 12(f). Relief may be granted if defendants show "(1) cause for [their] non-compliance, and (2) actual prejudice arising from the waiver." United States v. Howard, 998 F.2d 42, 52 (2d Cir. 1993). We review the district court's denial of relief from the waiver for clear error. See United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997).

Here, Defendants failed to file a pretrial motion to suppress the evidence even after the district court allowed them to file a motion challenging the admissibility of evidence up to forty-eight hours before the trial began. Instead, Defendants moved to suppress the evidence seized from Harlan Altman's apartment during the government's case-in-chief. Defendants claimed that they established cause for their failure to file a pretrial motion because they were surprised at Altman's testimony on cross-examination that Altman did not consent to the search. The district court overruled the motion, concluding that it was untimely and that Defendants lacked standing to challenge the search.

We note that Defendants' counsel knew that Altman would be a government witness because Altman's name appeared on the government's witness list that was delivered to Defendants two weeks before trial. Further, Defendants were present at the apartment when officers arrived and conducted the search and should have relayed what they knew to counsel. Although documents provided by the government during discovery reflected that Altman consented to the search, counsel "was responsible for vigorously investigating all of the details of what had transpired." Wilson, 115 F.3d at 1191. During a pretrial investigation, counsel could have discovered whether or not Altman

5

consented and if the consent was given voluntarily."Any `communications gap [between Defendants and counsel] will not be recognized as good cause.'" Id. (quoting United States v. Ricco, 52 F.3d 58, 62 (4th Cir. 1995)). We therefore find no clear error in the district court's denial of the motion as untimely filed.

III.

Finally, Defendants Scott and Smith challenge the district court's finding regarding the amount of crack cocaine attributable to them on the grounds that the evidence was insufficient and that the court failed to make independent findings. We review the district court's findings of fact concerning the relevant quantity of drugs for clear error. See United States v. Lamarr, 75 F.3d 964, 972 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3309 (U.S. Oct. 21, 1996) (No. 95-9398).

At sentencing, the government must prove the amounts involved by a preponderance of the evidence. See United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990). Under the sentencing guidelines, a district court must make an independent resolution of the amount of drugs that can be attributed to a defendant whenever that amount is in dispute. See USSG § 6A1.3(b).* In a case such as this, "`[w]here there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance.'" United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994) (quoting USSG § 2D1.1, comment. (n.12)). The sentencing guidelines do not demand certainty and precision; they demand that a court do the best that it can with the evidence in the record, erring on the side of caution. See United States v. Cook, 76 F.3d 596, 604 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3293 (U.S. Oct. 15, 1996) (No. 96-5822). Thus, we afford the district court broad discretion in making this estimate. Id.

Smith and Scott objected to the amount of drugs attributable to them. The probation officer recommended a base offense level of thirty-eight, see USSG § 2D1.1(c)(1), concluding that Smith and Scott were responsible for 3492 grams of crack cocaine. For sentencing

_____

*U.S. SENTENCING GUIDELINES MANUAL (1995).

6

purposes, drug quantities attributable to persons convicted of conspiracy to distribute illegal drugs are determined by examining "the quantity of narcotics reasonably foreseeable to each conspirator within the scope of his agreement." United States v. Irvin, 2 F.3d 72, 78 (4th Cir. 1993); see USSG § 1B1.3(a)(1)(B) & comment. (n.2) (stating that "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity" are taken into account when determining sentence).

The probation officer based his estimate on the amount of drugs attributable to Defendants on the testimony of Yvette Smith, one of Defendants' co-conspirators who pled guilty. The amount was calculated as follows: 132 grams of crack cocaine seized at the time of arrest plus an estimated 3360 grams of crack (ten ounces--or 280 grams--once a month for twelve months). The district court properly concluded that this was a conservative estimate. See Cook, 76 F.3d at 604. We therefore find no clear error in the amount of drugs attributable to Smith and Scott. See Lamarr, 75 F.3d at 972.

Smith and Scott also claim that the district court failed to make independent findings with regard to the disputed amount of drugs. When a defendant alleges a factual inaccuracy in the presentence report, the district court must make a finding as to that fact or determine that a finding is not necessary because the challenged fact will not affect sentencing. See FED. R. CRIM. P. 32; United States v. McManus, 23 F.3d 878, 887 (4th Cir. 1994). This Court has held that adoption of the facts presented in the presentence report satisfies Rule 32 if the district court judge states that his independent determination of the facts coincides with the presentence report. See United States v. Walker, 29 F.3d 908, 911 (4th Cir. 1994).

Here, after hearing objections to the amounts of crack attributable to Scott and Smith and after considering the trial testimony, the court expressed its agreement with the recommendation in the presentence report. We find that the district court made an independent determination of the amount of crack involved in the offense. See Walker, 29 F.3d at 911. By carefully considering, and unequivocally rejecting, Smith and Scott's objections to the presentence report, the district court fully complied with the requirements of Rule 32.

IV.

Accordingly, we affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

8