**UNITED STATES of America,**
**Plaintiff,**

v.

**Anthony Donnel NELSON, a.k.a.**
**"Tony," Defendant.**

**No. 01–85–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Oct. 15, 2001.

Kimberly Pedersen, Asst. U.S. Atty., U.S. Attorney Office, Alexandria, VA, for Plaintiff.

Paul P. Vangellow, Arlington, VA, for Defendant.

## MEMORANDUM OPINION

LEE, District Judge.

THIS matter is before the Court for sentencing Defendant for his conviction of conspiracy to distribute cocaine base. In this opinion, the Court considers whether to grant a downward departure from the applicable *United States Sentencing Guidelines* to lower Defendant's Criminal History Category from Category VI to Category III because Defendant's prior convictions for traffic infractions and minor offenses, for which Defendant incurred minimal, if any, penal or monetary punishment significantly overstates the seriousness of his prior record to an extent not considered by the Sentencing Commission within the applicable guidelines. This Court sentenced Defendant on August 24,

2001 and for the reasons stated in open court and below, this Court holds that Defendant's Criminal History Category VI, which is derived primarily from motor vehicle offenses and convictions for minor offenses, such as failing to return rented videos, significantly overstates the seriousness of Defendant's criminal record. The Defendant's prior criminal record is significantly less serious than that of most offenders in Criminal History Category VI. The Court, after due consideration of Category V and IV, finds that Defendant's prior criminal record is more akin to offenders in Criminal History Category III. Accordingly, this Court grants a downward departure from the applicable Criminal History category VI and classifies the Defendant in Criminal History Category III, which correctly reflects the seriousness of Defendant's past acts.

## I. BACKGROUND

On May 10, 2001, Defendant pled guilty to conspiracy to distribute fifty grams or more of cocaine base and 500 grams or more of cocaine, violating 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. The offenses that comprise Defendant's criminal record yield a Criminal History Score of fourteen, placing him in Criminal History Category VI. The following chart reflects the calculation of Defendant's Criminal History Score.

| Date of Imposition | Offense | Penalty | Points |
|---|---|---|---|
| April 6, 1995 | (1) Possession of Marijuana and | (1) $100 fine | 1 |
| | (2) Driving with a suspended license | (2) 90 days incarceration, 80 suspended on the condition that defendant maintain one year of good behavior. | |
| June 19, 1995 | Failure to Return Rented Videos from "Movie Time" | $20 fine | 1 |
| February 13, 1996 | (1) Escape from custody | (1) 6 months, suspended | 2 |
| | (2) Damage to a police vehicle | (2) 12 months, 9 months suspended | |
| February 23, 1996 | Trespassing | 90 days, 80 days suspended on the condition that defendant maintains one year of good behavior. | 1 |
| March 14, 1996 | Driving After Habitual Offender Adjudication | 90 days, 80 days suspended on the condition that defendant maintains one year of good behavior. | 1 |
| June 18, 1996 | (1) Speeding to elude police officers | 24 months probation, 3 months BOP, concurrent | 2 |
| | (2) Reckless driving | | |
| | (3) Driving on revoked or suspended operators license | | |
| March 3, 1997 | Malicious Wounding | 5 years, 2 years suspended; 5 years probation | 3 |

| | |
|---|---|
| Committed instant offense during the 5–year probationary period instituted as part of the 3/3/97 sentence. | 2 |
| Committed instant offense less than 2 years after release from incarceration for the 3/3/97 sentence. | 1 |
| **Total** | **14** |

The applicable Sentencing Guidelines in this case are as follows:

Defendant's offense level: 35

Criminal History Category: VI

Guideline Range of Punishment: 360 to life

In addition, the Guidelines require this Court to consider a fine of up to $4,000,000 and at least five years supervised release.

This Court upon review of the Presentence Report and applicable guidelines recognized that an issue may be presented as to whether Criminal History Category VI overstates Defendant's criminal record. The Court noticed the parties of its intention to consider whether to lower Defendant's Criminal History Category and directed the parties to brief the issue. The Court rescheduled a hearing to afford the parties sufficient time to consider the issue.

## II. PARTIES' CONTENTIONS

Defendant moves the Court to grant a downward departure from the applicable guidelines criminal history category. Defendant argues that his Criminal History Score is improperly inflated by his minor offenses and driving infractions. Defendant contends that his criminal record is not comparable with offenders in Criminal History Category VI. Defendant submits that his Criminal History Category overstates the seriousness of his prior criminal record. Defendant analogizes the instant case with *United States v. Summers,* a drug case, where the defendant's Presentence Report reflected a Criminal History Score of thirty-six, Category V, and the court departed downward from the guide-lines after excluding traffic offenses because the inclusion of these charges overstated the seriousness of the defendant's prior record. 893 F.2d 63, 68 (4th Cir. 1990). Like *Summers,* Defendant argues that this Court should exclude from his criminal history calculation his (1) April 1995 conviction for possession of marijuana and driving under a suspended license; (2) August 1995 conviction for failing to return a video; (3) February 1996 conviction for trespassing; (4) March 1996 conviction for driving as a habitual offender; and (5) June 1996 driving offenses. If the Court excluded such convictions from his Criminal History calculation, then his category would be lowered from VI to IV.

Defendant cites additional authority to support his argument for the exclusion of traffic offenses from the Criminal History Category calculation. *See United States v. Leviner,* 31 F.Supp.2d 23 (D.Mass.1998) (holding that Criminal History Category V over-represented defendant's criminal record because defendant's driving convictions were the result of pretextual traffic stops or racial profiling); *see also United States v. Mishoe,* 241 F.3d 214 (2nd Cir. 2001) (stating that the court may exclude minor drug offenses of defendants deemed "career criminals" based upon the amount of drugs involved in the prior offense, the sentence defendant received, and the defendant's role in the prior offense).

The Government argues that Criminal History Category VI does not over represent Defendant's criminal record. The Government states that in the past eleven years Defendant consistently committed criminal acts. The Government distinguished Defendant's criminal record from the facts of *Summers* and *Leviner.* Spe-

cifically, the Government asserts that the court in *Summers* excluded the defendant's conviction for driving without a license, however, the court did not exclude all of the defendant's traffic convictions. In addition, the *Leviner* court excluded some of the defendant's prior convictions that were not crimes of violence. Here, the Government argues that while each of Defendant's offenses may seem minor in isolation, when taken as a whole, the offenses warrant placing Defendant in Criminal History Category VI.

Next, the Government argues that if the Court decides to depart from the Guidelines, Criminal History Category V would be appropriate. The Government suggests that this Court should recalculate Defendant's score by excluding motor vehicle offenses that do not involve "erratic or dangerous driving" such as his April 1995 conviction for driving under a suspended license, possession of marijuana, and his March 1996 conviction for driving after habitual offender adjudication. Removing these offenses would reduce Defendant's Criminal History Score by two points, to a total of nine. Adding two points because Defendant committed the instant offense while on probation and one point because Defendant committed the instant offense less than two years after release from prison, yields a Criminal History Score of twelve, placing Defendant in Category V.

### III. ANALYSIS

#### a. *Standard of Review*

Judges must sentence defendants in accordance with the Sentencing Guidelines. *See Koon v. U.S.*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). A judge, however, may depart from the Guidelines upon a motion by the plaintiff or if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b) (2000). *See United States v. Goff*, 907 F.2d 1441, 1445 (4th Cir.1990) cited in *United States v. Rusher*, 966 F.2d 868, 883 (4th Cir.1992). The Sentencing Commission has recognized that

> there may be cases where the court concludes that a defendant's criminal history category significantly over represents the seriousness of a defendant's criminal history ... The court may conclude that the defendant's criminal history was significantly less serious than that of most defendant's in the same criminal history category ..., and therefore consider a downward departure from the guidelines.

U.S.S.G. § 4A1.3 (policy statement). The court may depart downward when "a defendant's criminal history category significantly over-represents the seriousness" of a defendant's criminal record. *Id.* When departing from the Sentencing Guidelines, the court must provide a specific reason for its departure. *See* 18 U.S.C. § 3553(c)(2) (2000). Further, the court must deliver a " 'short clear written statement or a reasoned statement from the bench' to support departure." *See Rusher*, 966 F.2d 868, at 882. The court must identify aspects of defendant's criminal history that the guidelines did not consider and determine whether these factors are significant enough to justify departure. *See id.* at 883; *Summers*, 893 F.2d at 66–67. Before departing downward from the guidelines, the Court must give notice to both parties of its intention to consider a departure. *See United States v. Spedden*, 917 F.Supp. 404, 406 (E.D.Va.1996). At the appellate level, a judge's decision to depart will be given substantial deference. *See Koon*, 518 U.S. at 97, 116 S.Ct. 2035. For the following reasons, this Court departs from the applicable Sentencing

Guidelines to reduce Defendant's Criminal History Category from VI to III.

b. *Discussion*

██ This Court grants a downward departure to lower Defendant's Criminal History Category from VI to III because Category VI overstates the seriousness of his prior criminal record and defendant's prior record is not comparable to the offenders typically classified in Criminal History Category VI for drug offenses.

██ In this drug case, the Court reviewed several comparable drug cases from this district within the past thirty–six months and reviewed the Criminal History category and prior criminal records of similar offenders. This review leads this judge to conclude that Defendant's criminal record is not comparable to other offenders typically found in Criminal History Category VI and a downward departure to an appropriate Criminal History Category is warranted. When determining what Criminal History Category is appropriate, this Court concludes that Defendant's minor non-violent offenses and traffic infractions artificially inflate the seriousness of his prior criminal record. Judges may exclude minor offenses that yield negligible punishment.[1] *See United States v. Francis,* 129 F.Supp.2d 612, 620 (S.D.N.Y. 2001) (stating that "the addition of one point for a minor offense for which a Defendant received a sentence of time served may overstate the seriousness of Defendant's criminal history"); *see also United States v. Paulino–Duarte,* No. S1 00 CR 686(HB), 2001 U.S.Dist. LEXIS 3208, at *12, 2001 WL 290047 (S.D.N.Y. Mar. 26, 2001) (holding that misdemeanor offenses that totaled twenty days incarceration and

time served, are legitimate factors for downward departure). Here, Defendant received a $100 fine and ninety days incarceration, eighty days suspended (ten days of incarceration), for his April 1995 conviction for driving under a suspended license and possession of marijuana. Defendant received a $20 fine for his August 1995 conviction for failure to return two videos. Following his February 1996 conviction for trespassing, Defendant received a thirty-day suspended sentence. For his March 1996 conviction for driving after habitual offender adjudication Defendant received ninety days of incarceration, eighty days suspended (ten days of incarceration). While Defendant served a mere twenty days of incarceration and paid $120 in fines, these offenses account for four points of Defendant's Criminal History Score. This Court excludes these offenses from the calculation of Defendant's Criminal History Category Score of the non-violent nature of the offenses as exhibited by the minimal punishment Defendant received.

Ms. Angela J. Scanlan, Senior United States Probation Officer testified at sentencing that Criminal History category VI overstates the severity of Defendant's criminal record. On August 24, 2001, Ms. Scanlan testified that, based upon her extensive experience preparing presentence reports, Defendant does not possess the characteristics to be classified in Criminal History Category VI. Ms. Scanlan testified that Category VI is typically composed of defendants with a history of convictions for drug distribution and violent offenses. After reviewing Defendant's criminal record, which includes simple possession and traffic offenses, Ms. Scanlan testified that she

---

**1.** The Government concedes that this Court should exclude Defendant's April 1995 conviction for driving on a suspended license and possession of marijuana and his March 1996 conviction for driving after habitual traffic offender adjudication. (Supp. Position of the United States on With Respect to Def.'s Criminal History Category at 9.)

concluded Defendant should be classified in Category IV or III based upon her preparation of reports for offenders in these Criminal History categories.

Reviewing the records of drug defendants this judge has sentenced within the past thirty–four months classified in Criminal History Categories III through VI compared to Defendant illustrates why he should be classified in Criminal History Category III. Mr. Gil Daughtry[2] is a typical Criminal History Category VI offender. Following his conviction for possession of five grams or more of cocaine and use of a firearm in relation to drug trafficking, Mr. Daughtry received a Criminal History Score of seventeen, Criminal History Category VI comprised of seven points for possession of cocaine, three points for possessing cocaine with intent to distribute in a school zone, two points for assault, one point for possession of drugs, one point for assault, and three points for possession of cocaine. Mr. Daughtry received two additional points for committing a crime while on probation and committing a crime within two years after release from incarceration.

Defendant's prior record does not reflect the history of narcotics distribution and violent behavior present in Mr. Daughtry's criminal record. The bulk of Defendant's offenses consisted of traffic infractions. Defendant also received convictions for possession of marijuana. Contrastingly, all but one of Mr. Daughtry's convictions were for possession and distribution of narcotics. The nature of Defendant's con-

victions renders the classification of Defendant in Criminal History Category VI inappropriate.

Defendant's prior record reflects a series of traffic offenses, minor drug possession offenses, and one conviction for malicious wounding. This record is in sharp contrast with the following defendants convicted of similar drug offenses classified in Criminal History Category V.

- Mr. Vincent Buckler[3] received a Criminal History Score of 10: one point for possession with intent to distribute crack, one point for each of three convictions for possession of marijuana, two points for another conviction for possession of marijuana, two points for discharging a firearm, and two points for petit larceny.

- Mr. DeAndre Majett[4] received a Criminal History Score of 10: three points for having sex with a minor, two points for violating his probation, one point for failing to register as a sex offender, and one point for noise violation. In addition, Mr. Majett accumulated two points for committing a crime while on probation and one point for committing a crime within two years after release from incarceration

The criminal records of Mr. Buckner and Mr. Majett contain offenses far more serious than Defendant's prior actions. The majority of Mr. Buckner's record consists of drug offenses and contains a firearms charge. Mr. Majett was convicted and is now a registered sex offender.

2. *United States v. Gil Daughtry,* CR No. 00170 (E.D.Va. Jul. 11, 2000) (convicted of conspiracy to distribute five grams of cocaine base (crack) violating 21 U.S.C. § 846; on October 6, 2000 this Court imposed sentence.)

3. *United States v. Vincent J. Buckner,* CR No. 00360 (E.D.Va. Nov. 29, 2000) (convicted of conspiracy to distribute fifty grams of cocaine base (crack) violating 21 U.S.C. § 846; on

February 23, 2001 this Court imposed sentence.)

4. *United States v. DeAndre N. Majett,* CR No. 00258 (E.D.Va. May 4, 2000) (convicted of conspiracy to distribute fifty grams of cocaine base (crack) violating 21 U.S.C. § 846; on August 18, 2000 this Court imposed sentence.)

In contrast, none of Defendant's prior offenses involved a firearm or drug distribution and few centered around drug possession. In addition, none of Defendant's prior offenses involved deviant sexual behavior. Therefore, Defendant's prior convictions are not comparable to other offenders classified in Criminal History Category V.

The criminal history of the following drug defendants illustrates that Criminal History IV also overstates the seriousness of Defendant's prior criminal record.

- Mr. Ryan Humes [5] has a Criminal History Score of nine: three points for possession with intent to distribute cocaine, one point for battery, two points for carrying a pistol without a license and one point for assault. Mr. Humes received an additional two points for committing a crime within two years after release from incarceration.

- While classified under Criminal History Category IV, Mr. Roderick Steadman [6] has a Criminal History Score of eleven: three points for petit larceny and breaking and entering, one point for possession of marijuana and possession of cocaine, one point for three counts of writing worthless checks, two points for assaulting a government official, one point for simple assault and eighteen counts of forgery. In addition, Mr. Steadman received two

points for committing a crime while on probation.

- Mr. Lesioux Moten [7] received a Criminal History Score of six: one point for petit larceny and two points for credit card and check fraud. Further, Mr. Moten received two points for committing another offense while on probation, and one point for committing a crime less than two years after release from incarceration.

- Mr. Ernest Minder [8] received a Criminal History Score of eight: three points for conspiracy to distribute PCP, and three points for possession with intent to distribute cocaine and assault with a deadly weapon. In addition, Mr. Minder received two points for committing another crime while on probation.

Defendant lacks the prior criminal record of narcotics possession charges, fraud, and, violent offenses that are present in the records of the aforementioned defendants classified in Criminal History Category IV. Mr. Humes, Mr. Steadman, and Mr. Minder all have prior convictions for cocaine and/or phencyclidine or "PCP" possession and distribution. Defendant, however, is convicted of possession of marijuana. As reflected in the penalties for possession, cocaine and PCP are more potent and dangerous than marijuana. *See*

5. *United States v. Eric R. Humes,* CR No. 99–00152 (E.D.Va. Apr. 16, 1999) (convicted of conspiracy to distribute fifty grams of cocaine base (crack) violating 21 U.S.C. § 846; on July 16, 1999 this Court imposed sentence.)

6. *United States v. Roderick E. Steadman,* CR No. 00248 (E.D.Va. Jul. 19, 2000) (convicted of conspiracy to distribute fifty grams of cocaine base (crack) violating 21 U.S.C. § 846; on October 20, 2000 this Court imposed sentence.)

7. *United States v. Lesioux D. Moten,* CR No. 00225 (E.D.Va. Jul. 6, 2000) (convicted of conspiracy to distribute fifty grams of cocaine base (crack) violating 21 U.S.C. § 846; on September 15, 2000 this Court imposed sentence.)

8. *United States v. Ernest I. Minder,* CR No. 00409 (E.D.Va. Nov. 13, 2000) (convicted of conspiracy to distribute five kilograms of cocaine base (crack) violating 21 U.S.C. § 846; on February 2, 2001 this Court imposed sentence.)

21 U.S.C. § 841(b)(i)(A)(ii)–(vii) (2000) (prescribing ten years incarceration and no more than a $4,000,000 fine for possession of one kilogram of heroin, five kilograms or more of cocaine, 100 grams or more of PCP, and 1000 grams of marijuana). Further, Mr. Steadman and Mr. Moten were convicted of drafting bad checks and credit card fraud. Thus, Defendant should not be classified in Criminal History Category IV because Defendant's crimes are not as grave as those committed by other defendants classified in Criminal History Category IV.

Offenses committed by the following drug defendants classified in Criminal History Category III are more akin to the convictions listed on Defendant's prior record.

- Mr. John Beavers [9] received a Criminal History Score of five: two points for driving after undergoing habitual offender adjudication, one point for a second habitual offender violation, and two points for grand larceny and violating the conditions of his supervision.

- Mr. Kelvin Anthony Ray [10] received a Criminal History Score of six: one point for attempted breaking and entering and occupying a dwelling with intent to commit larceny, and three points for possession with intent to distribute cocaine. Mr. Ray received one point for committing a crime less

than two years after release from incarceration.

- Mr. Wellesley Wellington [11] received a Criminal History Score of four: one point for possession of marijuana, one point for petit larceny, and two points for conspiracy to distribute crack while on probation.

- Mr. Robert Morris [12] received a Criminal History Score of four: one point for each of two convictions for driving under the influence, one point for possession of paraphernalia, and one point for reckless driving.

Similar to the Category III defendants, Defendant's prior record combines small caliber drug charges, such as possession of marijuana or paraphernalia, with other minor offenses, such as trespassing and traffic infractions. Therefore, the Court concludes that Defendant's Criminal History Category VI significantly overstates the seriousness of his prior criminal record and his record is considerably less serious than offenders typically found within Criminal History Category VI which is typically composed of defendants convicted of multiple drug distribution and violent offenses. The Court has systematically considered whether departure to Criminal History Category V, IV or III is appropriate and determined that the Court will grant a downward departure to Criminal History Category III, where similar defendants convicted of drug offenses like marijuana possession, traffic, and other minor

9. *United States v. John S. Beavers*, CR No. 00194 (E.D.Va. May 31, 2000) (convicted of conspiracy to distribute fifty grams of cocaine base (crack) violating 21 U.S.C. § 846; on September 1, 2000 this Court imposed sentence.)

10. *United States v. Kelvin A. Ray*, CR No. 00270 (E.D.Va. Aug. 4, 1999) (convicted of conspiracy to distribute fifty grams of cocaine base (crack) violating 21 U.S.C. § 846; on October 22, 1999 this Court imposed sentence.)

11. *United States v. Wellesley S. Wellington*, CR No. 00239 (E.D.Va. Sept. 12, 2000) (convicted of conspiracy to distribute fifty grams of cocaine base (crack) violating 21 U.S.C. § 846; on November 17, 2000 this Court imposed sentence.)

12. *United States v. Robert D. Morris*, CR No. 00062 (E.D.Va. Mar 7, 2000) (convicted of conspiracy to distribute 500 grams of cocaine base (crack) violating 21 U.S.C. § 846; on September 1, 2000 this Court imposed sentence.)

offenses included on Defendant's criminal record, are classified.

### IV. CONCLUSION

For these reasons, this Court lowers Defendant's Criminal History Category from VI to III. Therefore, following the Court's granting of the motion for downward departure, the Defendant's Guidelines Range is as follows:

Offense level: 35
Criminal History Category: III
Imprisonment Range: 210 to 262 months
Supervised Release Range: 5 years
Fine Range: 425,000. To 44,000,000.

On August 24, 2001, the Court sentenced the Defendant to a term of imprisonment for 210 months, five years of supervised release, with a recommendation that the Defendant be allowed to participate in drug treatment and vocational training.